IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | | |
|---|---|---|
| DR. GERRY HOLLAND, DO, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 2-02CV-0157J |
| MR. NORMAN LAMBERT, as | § | |
| CEO of Golden Plains Community | § | |
| Hospital and Individually, et al., | § | |
| | § | |
| Defendants. | § | |

**BRIEF IN SUPPORT OF DEFENDANTS HENDERSON AND WHELCHEL'S
MOTION TO DISMISS OR, ALTERNATIVELY, TO SEVER**

Craig Carter
State Bar No. 03908100
DAVIS & DAVIS, P.C.
C. Dean Davis, TBN 05464000
Mark A. Keene, TBN 00784375
9442 Capital of Texas Highway
Austin, Texas 78759
(512) 343-6248; 343-0121 FAX

ATTORNEYS FOR DEFENDANTS
LAMBERT, O'KEEFE, HEADLEY, RIBEIRO,
FRERIKS, ZENI, WHEELER, RULLMAN,
HENDERSON, AND WHELCHEL

70

# TABLE OF CONTENTS

TABLE OF AUTHORITIES.......................................................................................... iii, iv, v

I. INTRODUCTION ........................................................................................................ 1

II. STANDARD OF REVIEW ........................................................................................ 2

III. ARGUMENT .............................................................................................................. 5

      A.     Plaintiffs' 42 U.S.C. § 1983 causes of action fail to state a claim because Plaintiffs do not allege the necessary element of state action ...................... 5

      B.     Plaintiff have alleged no facts to support a claim of First Amendment retaliation under Section 1983 against Henderson .................. 5

      C.     Henderson is entitled to qualified immunity on Plaintiffs' § 1983 claim...... 9

      D.     Plaintiffs' have not properly asserted antitrust claims against either Henderson or Whelchel .............................................................................................. 10

      E.     Defendants Henderson and Whechel urge the Court not to exercise supplemental jurisdiction over Plaintiffs' state law claims ........................ 11

      F.     Defamation ............................................................................................ 12

      G.     Interference with contractual relations ...................................................... 14

      H.     Abuse of process .................................................................................... 15

      I.     Intentional infliction of emotional distress ................................................ 16

      J.     In the event the entire suit is not dismissed for failure to state a claim, the claims of Plaintiffs LaGrone and Strecker should be severed and dismissed ............................................................................................ 16

CERTIFICATE OF SERVICE ........................................................................................ 19

# TABLE OF AUTHORITIES

## FEDERAL RULES

FED. R. CIV. P. 8 ................................................................................................ 1, 4
FED. R. CIV. P. 12(b)(6) ...................................................................................... 1, 2
FED. R. CIV. P. 20(b) and 42(b) ......................................................................... 2, 17

## CODES

42 U.S.C. § 1983 .............................................................................. ii, 2, 4, 5
28 U.S.C. §1367(c)(3) ........................................................................................ 11
Tex. Civ. Prac. & Rem. Code §16.002(a) ........................................................... 13

## CASES

*Adolph v. FEMA,*
    854 F.2d 732, 735 (5th Cir. 1988)........................................................... 3
*Barkoo v. Melby,*
    901 F.2d 613 (7th Cir. 1990)................................................................... 8
*Begala v. PNC Bank,*
    214 F.3d 776, 779 (6th Cir. 2000)........................................................... 3
*Bossin v. Towber,*
    894 S.W.2d 25, 33 (Tex. App.—Houston [14th Dist.] 1994, writ denied)............ 15
*Blackburn v. City of Marshall,*
    42 F.3d 925, 931 (5th Cir. 1995)............................................................. 3
*Breaux v. City of Garland,*
    205 F.3d 150, 156 (5th Cir. 2000)........................................................... 7
*Brown v. Knoxville News-Sentinel,*
    41 F.R.D. 283, 284 (E.D. Tenn. 1966)..................................................... 4
*Burns-Toole v. Byrne,*
    11 F.3d 1270, 1274 (5th Cir.), *cert. denied,* 512 U.S. 1207,
    114 S.Ct. 2680 (1994) ............................................................................ 9
*Burton v. Peartree,*
    326 F. Supp. 755, 758-59 (E.D. Pa. 1971) ............................................. 4
*Cain v. Hearst Corp.,*
    878 S.W.2d 577, 580 (Tex. 1994)............................................................ 12
*Cline v. Rogers,*
    87 F.3d 176, 184 (6th Cir. 1996)............................................................. 4
*Coghlan v. Wellcraft Marine Corp.,*
    240 F.3d 449, 455 (5th Cir. 2001)........................................................... 11

*Dambrot v. Central Mich. Univ.*,
   55 F.3d 1177, 1186 (6th Cir. 1995)..........................................................................8
*Eastside Church of Christ v. Nat'l Plan, Inc.*,
   391 F.2d 357, 359 (5th Cir. 1968)..........................................................................17
*Espinoza v. Missouri-Pac. Ry. Co.*,
   754 F.2d 1247, 1248 n. 1 (5th Cir. 1985)................................................................3
*Elliott v. Foufas*,
   867 F.2d 877, 881 (5th Cir. 1989)...........................................................................3
*Fogarty v. Boles*,
   121 F.3d 886, 890 (3d Cir. 1997)............................................................................8
*Graham v. Connor*,
   490 U.S. 386, 394 (1989) ........................................................................................4
*Graham v. Mary Kay Inc.*,
   25 S.W.3d 749, 756 (Tex. App.-Houston [14th Dist.] 2000, pet. denied) .............15
*Guidry v. Bank of LaPlace*,
   954 F.2d 278, 281 (5th Cir. 1992)...........................................................................3
*Halbert v. City of Sherman*,
   33 F.3d 526, 529 (5th Cir. 1994)...........................................................................12
*Hardwick v. Houston Lighting & Power Co.*,
   881 S.W.2d 195, 197 (Tex. App.—Corpus Christi 1994, dis. w.o.j.) ....................13
*Harlow v. Fitzgerald*,
   457 U.S. 800, 807, 102 S.Ct. 2727, 2732, 73 L.Ed.2d 396 (1981) .........................9
*Heaton v. Monogram Credit Card Bank of Georgia*,
   231 F.3d 994, 997 (5th Cir. 2000)........................................................................12
*Hope v. Pelzer*,
   122 S.Ct. 2508, 2513, 153 L.Ed.2d 666 (2002) ......................................................9
*Johnston v. Harris County Flood Control Dist.*,
   869 F.2d 1565, 1574 (5th Cir. 1989)......................................................................4
*Johnson v. Moore, III*,
   958 F.2d 92 (5th Cir. 1992)....................................................................................6
*Jones v. Collins*,
   132 F.3d 1048, 1052 (5th Cir. 1998).....................................................................8, 9
*Leffall v. Dallas Indep. Sch. Dist.*,
   28 F.3d 521, 525 (5th Cir. 1994)..........................................................................4, 5
*Monell v. New York Dept. Soc. Serv.*,
   436 U.S. 658, 98 S.Ct. 2018 (1989) .......................................................................6
*Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*,
   429 U.S. 274, 287, 97 S. Ct. 568, 576, 50 L. Ed. 2d 471 (1977) ...........................8
*Musser v. Smith Protective Services, Inc.*,
   723 S.W.2d 653, 654 (Tex. 1987) .........................................................................13

*Neitzke v. Williams,*
    490 U.S. 319, 326-27 (1989)........................................................................ 3
*Phillips Petro. Co. v. Texaco, Inc.,*
    415 U.S. 125, 127-28 (1974)........................................................................ 3
*Prudential Ins. Co. v. Financial Review Servs.,*
    29 S.W.3d 74, 77-78 (Tex. 2000)............................................................... 14
*Roe v. Texas Department of Protective and Regulatory Services,*
    299 F.3d 395, 401 (5th Cir. 2002).............................................................. 9
*Streetman v. Jordan,*
    918 F.2d 555, 557 (5th Cir. 1990).......................................................... 4, 7
*Thompson v. Steele,*
    709 F.2d 381, 382 (5th Cir. 1983), *cert. denied,* 464 U.S. 897,
    104 S.Ct. 248 (1983) ................................................................................ 7
*Tandy Corp. v. McGregor,*
    527 S.W.2d 246, 249 (Tex. Civ. App.—Texarkana 1975, ref. n.r.e.)................... 15
*Twyman v. Twyman,*
    855 S.W.2d 619, 621 (Tex. 1993) ............................................................ 16
*Wal-Mart Stores, Inc. v. Sturges,*
    52 S.W.3d 711, 723-26 (Tex. 2001)......................................................... 14
*Washington v. Davis,*
    426 U.S. 229, 242, 96 S.Ct. 2040, 2048-49 (1976)................................... 6
*W.G. Pettigrew Distrib. Co. v. Borden, Inc.,*
    976 F. Supp. 1043, 1059 (S.D. Tex. 1996), *aff'd,* 127 F.3d 34 (5th Cir. 1997)..... 12
*Williams v. Kentucky,*
    24 F.3d 1526, 1534 (6th Cir. 1994).......................................................... 8

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

AMARILLO DIVISION

| | | |
|---|---|---|
| DR. GERRY HOLLAND, DO, et al., | § | |
| | § | |
| Plaintiffs | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 2-02CV-0157J |
| MR. NORMAN LAMBERT, as | § | |
| CEO of Golden Plains Community | § | |
| Hospital and Individually, et al., | § | |
| | § | |
| Defendants | § | |

## BRIEF IN SUPPORT OF MOTION TO DISMISS
## OR, ALTERNATIVELY TO SEVER

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Defendants Melody Henderson ("Henderson"), and Kathy Whelchel ("Whelchel"), pursuant to FED. R. CIV. P. 12(b)(6) and FED. R. CIV. P. 8, submit this brief in support of their motion to dismiss or, alternatively, to sever.

## I.
## INTRODUCTION

On September 17, 2002, Plaintiffs' First Amended Complaint (the "Complaint") was submitted for filing. The Complaint added Henderson and Whelchel as new defendants. On November 8, 2002, a request to execute Waivers of Service of Summons was sent to Henderson and Whelchel. Henderson and Whelchel then executed the Waivers and forwarded them to opposing counsel.

Plaintiffs' Complaint appears to assert the following claims against Defendant Henderson: First Amendment retaliation under 42 U.S.C. § 1983; as well as state law causes of action for defamation, abuse of process, and intentional infliction of emotional distress. *See* Complaint. Plaintiffs' Complaint appears to assert the following claims against Defendant Whelchel: state law causes of action for defamation, abuse of process, tortuous interference with contract, and intentional infliction of emotional distress.[1] *See* Complaint. This Motion shows that any federal claims brought against Henderson and Whelchel should be dismissed for failure to state a claim. Further, Henderson and Whelchel urge the Court not to exercise supplemental jurisdiction over the pendent state law claims brought against them. Additionally, many of the state law claims brought against Henderson and Whelchel should be dismissed for failure to state a claim. If suit is not dismissed, Defendants Henderson and Whelchel move the Court to sever and dismiss the claims of Plaintiffs LaGrone and Strecker pursuant to FED. R. CIV. P. 20(b) and 42(b) because they fail to state a claim under federal law, and their alleged claims involve substantially different facts and circumstances than the alleged claims of the remaining Plaintiffs.

## II.
## STANDARD OF REVIEW

A court may dismiss a claim under FED. R. CIV. P. 12(b)(6) if "it appears to a certainty that no relief can be granted under any set of facts provable in support of its allega-

---

[1] Although Whelchel's name is mentioned in the Complaint under the antitrust section, it does not appear that Plaintiffs are asserting an antitrust claim against Whelchel.

tions or if the allegations, accepted as true, do not present a claim upon which relief can legally be obtained." *Adolph v. FEMA*, 854 F.2d 732, 735 (5th Cir. 1988). Under Rule 12(b)(6), dismissal is proper if the complaint lacks an allegation concerning a required element necessary to obtain relief. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). Rule 12(b)(6) allows courts to "eliminate actions which are fatally flawed in their legal premises and destined to fail, and thus to spare litigants the burdens of unnecessary pretrial and trial activity." *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989). To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain either a direct or inferential allegation respecting all the material elements to sustain a recovery under some viable legal theory; more than bare assertions of legal conclusions are required to satisfy federal notice pleading requirements. *Begala v. PNC Bank*, 214 F.3d 776, 779 (6th Cir. 2000).

In considering Rule 12(b)(6) motions, courts accept only well-pleaded allegations of fact as true and may rely upon matters outside the pleadings for which there exists no genuine issues of fact. *See Espinoza v. Missouri-Pac. Ry. Co.*, 754 F.2d 1247, 1248 n. 1 (5th Cir. 1985). For purposes of a Rule 12(b)(6) motion, the plaintiff must allege specific facts, not mere conclusory allegations. *Elliott v. Foufas*, 867 F.2d 877, 881 (5th Cir. 1989). Conclusory allegations and unwarranted deductions of fact are not admitted as true. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).

Federal question jurisdiction must be apparent on the face of a properly pleaded complaint. *Phillips Petro. Co. v. Texaco, Inc.*, 415 U.S. 125, 127-28 (1974). Before

plaintiffs can successfully assert a 42 U.S.C. § 1983 claim, they must first identify one or more specific constitutionally protected rights that have been infringed.  *See Graham v. Connor,* 490 U.S. 386, 394 (1989).  Rather than creating substantive rights, Section 1983 simply provides a remedy for the rights that it designates.  *Johnston v. Harris County Flood Control Dist.,* 869 F.2d 1565, 1574 (5th Cir. 1989).  Therefore, in order to establish liability under Section 1983, a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States and (2) demonstrate that a person acting under color of state law committed the alleged deprivation.  *Leffall v. Dallas Indep. Sch. Dist.,* 28 F.3d 521, 525 (5th Cir. 1994).  Further, a plaintiff must plead specific facts, not mere conclusory allegations to survive a motion to dismiss.  *Id., citing Streetman v. Jordan,* 918 F.2d 555, 557 (5th Cir. 1990).  "[T]he Court may not assume the plaintiff can prove facts it has not alleged."  *Cline v. Rogers,* 87 F.3d 176, 184 (6th Cir. 1996).

Under FED. R. CIV. P. 8, a court may dismiss a pleading that does not state a short and plain statement of the claims showing that the pleader is entitled to relief.  A shotgun complaint naming multiple defendants that fails to make distinctions between the defendants does not meet Rule 8 requirements and may be dismissed.  *See Brown v. Knoxville News-Sentinel,* 41 F.R.D. 283, 284 (E.D. Tenn. 1966); *Burton v. Peartree,* 326 F. Supp. 755, 758-59 (E.D. Pa. 1971).

# III.
# ARGUMENT

### *Federal Law Claims*

**A.    Plaintiffs' 42 U.S.C. § 1983 causes of action fail to state a claim because Plaintiffs do not allege the necessary element of state action.**

The only claim asserted against either Henderson or Whelchel under 42 U.S.C. §1983 is a claim of First Amendment retaliation brought against Henderson regarding the dismissal of Plaintiff LaGrone.[2]  To assert a Section 1983 claim, the claimant must allege a violation of rights secured by the Constitution or laws of the United States and demonstrate that a person or entity acting under color of state law committed the alleged deprivation. *Leffall*, 28 F.3d at 525 (5th Cir. 1994).  In the above suit, Plaintiffs have not alleged that the Defendants were acting under the color of state law and therefore, have failed to allege an essential element to a Section 1983 claim.  Thus, the Section 1983 claim against Henderson should be dismissed.

**B.    Plaintiffs have alleged no facts to support a claim of First Amendment retaliation under Section 1983 against Henderson.**

Even assuming that state action was involved, Plaintiffs still have not alleged any facts that would establish a Section 1983 First Amendment claim against Henderson.  On page 14 of the Complaint, Plaintiffs allege that Henderson was CEO Norm Lambert's "assistant".  Plaintiffs further allege that on May 9, 2001, Plaintiff LaGrone informed Henderson that she (LaGrone) would cooperate with a criminal investigation concerning

---

[2] No allegations are made in Plaintiffs' Complaint against Defendant Whelchel regarding Plaintiffs' First Amendment claims and neither Henderson nor Whelchel are alleged to have violated any of the Plaintiffs' Equal Protection rights.

activities involving the hospital and that LaGrone was terminated approximately six days later and her job duties were assumed by Henderson. Plaintiffs then make the purely conclusory allegation that Henderson was involved in a conspiracy to eliminate LaGrone. Complaint, p. 14, ¶ 2.c. What Plaintiffs fail to include, however, are any facts that support the conclusion that Henderson was in any way involved in the employment decision involving LaGrone. As shown below, one of the elements necessary for maintaining a First Amendment employment retaliation claim against a defendant is the requirement that the defendant took an adverse employment action against the plaintiff. Here, the Plaintiffs' Complaint fails to allege facts supporting this necessary element with regard to Henderson. The Complaint alleges that Henderson was Lambert's assistant, however, there is no allegation that Henderson was a supervisor of LaGrone, that she had any authority over LaGrone, or that she had any input whatsoever into the employment decision regarding LaGrone. Simply alleging that an adverse employment action was taken against LaGrone, without pleading any facts to show that Henderson was involved in taking the adverse action, does not state a Section 1983 claim against Henderson because it does not allege any specific individual involvement by Henderson. Normally, a plaintiff must prove intentional acts by a defendant to maintain a § 1983 claim against the defendant. *Washington v. Davis*, 426 U.S. 229, 242, 96 S.Ct. 2040, 2048-49 (1976). Government officials may not be held vicariously liable for the conduct of others under §1983. *Monell v. New York Dept. Soc. Serv.*, 436 U.S. 658, 98 S.Ct. 2018 (1989); *Johnson v. Moore*, III, 958 F.2d 92 (5th Cir. 1992). Instead, liability of governmental

defendants under §1983 can be predicated only on proof of specific individual wrongful conduct because "[p]ersonal involvement is an essential element of a [Section 1983] cause of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983), *cert. denied*, 464 U.S. 897, 104 S.Ct. 248 (1983). In this case, the Plaintiffs have pleaded no facts indicating that Henderson had any "personal involvement" in any adverse action concerning LaGrone. The allegations that LaGrone made a particular comment to Henderson and that Henderson was assigned to take over LaGrone's duties after the employment action do not infer any personal involvement in the actual employment action by Henderson nor do they allege any sort of wrongdoing on the part of Henderson. Further, the mere conclusory statement that Henderson "conspired to eliminate Ms. LaGrone" is insufficient to support a constitutional claim against Henderson. As noted above, conclusory allegations will not survive a motion to dismiss. *Streetman*, 918 F.2d at 557.

An additional basis for dismissal of the Section 1983 claim against Henderson is that Plaintiffs have not alleged that LaGrone actually engaged in protected speech involving a matter of public concern. To establish a Section 1983 retaliation claim for violation of First Amendment rights, Plaintiffs must allege and prove that: (1) the plaintiff suffered an adverse employment action; (2) the plaintiff's speech involved a matter of public concern; (3) the interest in commenting on matters of public concern outweighs the defendant's interest in promoting efficiency; and (4) the plaintiff's speech motivated the defendant's action. *Breaux v. City of Garland*, 205 F.3d 150, 156 (5th Cir. 2000). A

plaintiff must show that the speech was protected by the Constitution and that the speech was a substantial or motivating factor in an adverse employment action. *See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287, 97 S. Ct. 568, 576, 50 L. Ed. 2d 471 (1977); *Dambrot v. Central Mich. Univ.*, 55 F.3d 1177, 1186 (6th Cir. 1995). The inquiry regarding whether speech addresses a matter of public concern is a question of law. *See Williams v. Kentucky*, 24 F.3d 1526, 1534 (6th Cir. 1994). There is no allegation that Plaintiff LaGrone was terminated for exercising speech involving a matter of public concern, or that protected speech was a substantial and motivating factor in her termination. According to Plaintiff LaGrone's own allegations, she was terminated before cooperating with the investigation. There is no allegation that she actually cooperated with an investigation or said anything to investigators that led to her discharge. *See* Complaint, p. 14. A plaintiff cannot establish a First Amendment claim when he or she has not actually engaged in protected activity. *Jones v. Collins*, 132 F.3d 1048, 1053 (5th Cir. 1998); *See also Barkoo v. Melby*, 901 F.2d 613 (7th Cir. 1990). When the speech at issue never occurred, there can be no constitutional deprivation. *Fogarty v. Boles*, 121 F.3d 886, 890 (3d Cir. 1997). In *Fogarty*, a public school teacher claimed she was punished based upon the school principal's erroneous belief that the teacher had contacted the press about a matter of public interest at the school. *Id.* at 887. The court denied the claim because the teacher failed to show that she actually engaged in conduct that was entitled to protection. *Id*. at 890. Under the foregoing authorities, Plaintiff LaGrone has not stated a First Amendment claim against Henderson because she

has not alleged that she actually spoke to investigators and was terminated as a result of what she said.

## C.  Henderson is entitled to qualified immunity on Plaintiffs' §1983 claim

Assuming that state action has been sufficiently pled, Defendant Henderson is also entitled to dismissal of Plaintiffs' §1983 claim against her based on qualified immunity. *Harlow v. Fitzgerald*, 457 U.S. 800, 807, 102 S.Ct. 2727, 2732, 73 L.Ed.2d 396 (1981)(public officials entitled to immunity from suit and damages unless it is shown that they violated clearly established law and their conduct was not objectively reasonable). The first two inquiries in determining entitlement to qualified immunity are: 1) whether Plaintiff's allegations, if true, establish a constitutional violation; and, 2) if so, whether the Defendants' actions violated clearly established constitutional rights of which a reasonable person would have known. *Roe v. Texas Department of Protective and Regulatory Services*, 299 F.3d 395, 401 (5th Cir. 2002), citing *Hope v. Pelzer*, 122 S.Ct. 2508, 2513, 153 L.Ed.2d 666 (2002). Further, even if violation of a clearly established constitutional right is shown, Defendants are entitled to qualified immunity if their conduct was objectively reasonable. *Jones v. Collins*, 132 F.3d 1048, 1052 (5th Cir. 1998). At the pleadings stage of the lawsuit, the Plaintiffs "cannot overcome a qualified immunity defense with mere conclusory allegations [but] must pled specific facts with sufficient particularity . . . to negative the defense of qualified immunity." *Burns-Toole v. Byrne*, 11 F.3d 1270, 1274 (5th Cir.), *cert. denied*, 512 U.S. 1207, 114 S.Ct. 2680 (1994).

As shown above, Plaintiffs cannot overcome the first element of Henderson's qualified immunity defense because they have not sufficiently pled a constitutional violation. Even if the elements of such claims were properly pled, however, Plaintiffs' pleadings do not show a violation of a "clearly established" right or that Henderson's actions were objectively unreasonable. As noted above, Plaintiffs have not alleged facts showing any personal involvement on the part of Henderson with regard to the employment action involving LaGrone. Further, even if Plaintiffs had alleged personal involvement by Henderson, the cases cited above show that it was not clearly established law that dismissing an employee who had simply stated that she *planned* to cooperate with a criminal investigation violates the constitution. Thus, Plaintiffs' pleadings do not overcome Henderson's entitlement to the defense of qualified immunity.

**D.    Plaintiffs' have not properly asserted antitrust claims against either Henderson or Whelchel.**

Plaintiffs' antitrust allegations specify the particular Defendants against whom the antitrust claims are brought. Complaint, pp. 18-20. Although Defendant Whelchel is mentioned under the antitrust section of the Complaint, the Complaint does not assert antitrust claims against her or against Henderson. Further, even if Plaintiffs take the position that antitrust claims have been brought against Whelchel, the allegation made against Whelchel in the Complaint does not in any way state an antitrust claim. The one allegation made against Whelchel in the antitrust section of the Complaint states that Whelchel "sent a memo to the Medical Staff at the Hospital that Dr. Holland's patients

were to be seen by the ED Physician while she was away" and that Dr. Holland "had directly requested that her patients be referred to Dr. Bhatia and Sampat." Complaint, p. 19. Even assuming that this allegation is correct, it does not assert an antitrust violation against Whelchel. Plaintiffs have not alleged any facts that show that this single memo by Whelchel was part of a conspiracy or, more importantly, that the memo resulted in any restraint of trade. Thus, Plaintiffs have not alleged any antitrust violations by Defendants Henderson or Whelchel and, if Plaintiffs are bringing any antitrust claims against these Defendants, they should be dismissed.

Further, Plaintiffs have failed to allege facts in their complaint that support any antitrust claims against any Defendants because of the following deficiencies in their Complaint: 1) no antitrust injury is alleged; 2) the relevant market is not alleged; 3) no facts have been alleged showing that Plaintiffs are proper antitrust plaintiffs; 4) Plaintiffs have not properly asserted a monopoly claim. These issues are more fully briefed at pages 13-17 in the Brief in Support of First Amended Motion to Dismiss previously filed in this suit by the Hospital Defendants.

### *State Law Claims*

**E.    Defendants Henderson and Whelchel urge the Court not to exercise supplemental jurisdiction over Plaintiffs' state law claims.**

As shown above, Plaintiffs have failed to state any viable federal claims against either Henderson or Whelchel. If the Court dismisses these federal claims, Defendants urge the Court not to exercise supplemental jurisdiction over the remaining state claims. *See* 28 U.S.C. §1367(c)(3); *Coghlan v. Wellcraft Marine Corp.*, 240 F.3d 449, 455

(5th Cir. 2001)(district court may decline to exercise supplemental jurisdiction when all claims giving rise to federal jurisdiction have been dismissed); *Heaton v. Monogram Credit Card Bank of Georgia*, 231 F.3d 994, 997 (5th Cir. 2000)("[A] district court may decline in its discretion to exercise supplemental jurisdiction over ... state law claims when the court has dismissed all claims giving rise to original jurisdiction.").

**F.      Defamation.**

Several of the Plaintiffs defamation claims against Henderson and Whelchel should be dismissed for failure to state a claim.  Plaintiffs must establish the following facts to support their defamation claims:  (1) the defendant published a statement of facts; (2) the statement referred to the plaintiff; (3) the statement was defamatory;  (4) the statement was false; (5) any alleged statement was published by the defendant negligently or intentionally; and (6) the plaintiff suffered an actual injury.  *See WFAA-TV, Inc. v. McLemore*, 978 S.W.2d 568, 571 (Tex. 1998).  Libel is a written defamatory statement which tends to injure the plaintiff's reputation, thus exposing the plaintiff to "public hatred, contempt, ridicule, or financial injury, or impeach her honesty, integrity, virtue or reputation." *Halbert v. City of Sherman*, 33 F.3d 526, 529 (5th Cir. 1994).  Slander is a defamatory statement that is orally communicated or published to a third person without justification or excuse.  *W.G. Pettigrew Distrib. Co. v. Borden, Inc.*, 976 F. Supp. 1043, 1059 (S.D. Tex. 1996), *aff'd*, 127 F.3d 34 (5th Cir. 1997); *Cain v. Hearst Corp.*, 878 S.W.2d 577, 580 (Tex. 1994).

Plaintiffs allege that Henderson published defamatory remarks about Plaintiff Elston wherein she told third persons that he did not attend an ACLS (Advanced Cardiac Life Support) course. Complaint, p. 8. This allegation fails to state a claim because the alleged statement is not defamatory. Whether a statement is defamatory is initially a question of law for the Court. *Musser v. Smith Protective Services, Inc.*, 723 S.W.2d 653, 654 (Tex. 1987). A communication is defamatory "if it tends to harm the reputation of another as to lower him in the estimation of the community or deter third persons from associating or dealing with him, or if it tends to expose him to public hatred, contempt, or ridicule." *Hardwick v. Houston Lighting & Power Co.*, 881 S.W.2d 195, 197 (Tex. App.—Corpus Christi 1994, dis. w.o.j.). Henderson's alleged statement that Elston did not attend a particular course is not the type of statement that would harm Elston's reputation in the community and thus it is not defamatory.

Plaintiffs also allege that on or about August 28, 2001, Whelchel made statements to Ken Ingram that Plaintiff LaGrone had engaged in illegal activities and cost the hospital a substantial amount of money. This claim is clearly barred by the applicable statute of limitations. Plaintiffs' First Amended Complaint, which added Whelchel and Henderson as Defendants, was not filed until September of 2002. The limitations period for defamation is one year. Tex. Civ. Prac. & Rem. Code §16.002(a). Thus, this claim is barred by the one-year statute of limitations.

**G.     Interference with contractual relations.**

The elements for tortious interference with a prospective contract are: (1) a reasonable probability that the claimant would have entered into a contract or relationship with a third person; (2) that the defendant intentionally interfered with the relationship; (3) that the defendant's conduct was independently tortious or unlawful; (4) the interference was the proximate cause of the claimant's damages; and (5) the claimants suffered actual damage resulting from the interference. *See Wal-Mart Stores, Inc. v. Sturges*, 52 S.W.3d 711, 723-26 (Tex. 2001). The elements for tortious interference with an existing contract are: (1) the claimant had a valid existing contract; (2) the defendant willfully and intentionally interfered with the contract; (3) the interference was a proximate cause of her injury; and (4) the claimant incurred actual damage or loss resulting from the interference. *See Prudential Ins. Co. v. Financial Review Servs.*, 29 S.W.3d 74, 77-78 (Tex. 2000).

Plaintiffs have alleged that Whelchel interfered with contractual relations when she "sent a memo to the Medical Staff at the Hospital that Dr. Holland's patients were to be seen by the ED Physician while she was away" when Dr. Holland "had directly requested that her patients be referred to Dr. Bhatia and Sampat." Complaint, p. 10. This allegation fails to state a claim for tortious interference with contract. First, the Complaint fails to allege that any prospective contract or existing contract of Holland's was involved in this incident. Additionally, the Complaint does not allege that

Whelchel's conduct in sending the memo was independently wrongful to support a claim of interference with prospective contract.

## H. Abuse of process.

Plaintiffs Holland, Quiros, Trirogoff and Sangalang attempt to allege a claim for abuse of process because they were subject to peer review investigations and administrative complaints. These Plaintiffs have not alleged a cause of action for abuse of process because they have not pleaded the following elements or pleaded any facts showing that: (1) the Hospital Defendants made an illegal, improper or perverted use of the process, a use neither warranted nor authorized by the process; (2) the Hospital Defendants had an ulterior motive or purpose in exercising such illegal, perverted or improper use of the process; and (3) damage to the Plaintiffs as a result of such illegal act. *See Graham v. Mary Kay Inc.*, 25 S.W.3d 749, 756 (Tex. App.-Houston [14th Dist.] 2000, pet. denied). An abuse of process claim clearly contemplates the issuance and abuse of a legal process, such as a writ. Abuse of process involves "the malicious perversion of a regularly **issued civil or criminal process**...." *Tandy Corp. v. McGregor*, 527 S.W.2d 246, 249 (Tex. Civ. App.—Texarkana 1975, ref. n.r.e.)(Emphasis added). "Texas has generally recognized a cause of action for abuse of process where the original process, *such as a writ*, has been abused to accomplish an end other than that which the writ was designed to accomplish. . . It is critical to a cause of action for abuse of process that the process be improperly used *after it has been issued*." *Bossin v. Towber*, 894 S.W.2d 25, 33 (Tex. App.—Houston [14th Dist.] 1994, writ denied) (Emphasis added). Thus, Plaintiffs'

allegations regarding the peer review process fail to state a claim for abuse of process.

**I.     Intentional infliction of emotional distress.**

Plaintiffs have not alleged a cause of action for intentional infliction of emotional distress against Henderson and Whelchel because they have not pleaded facts that are so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. *Twyman v. Twyman*, 855 S.W.2d 619, 621 (Tex. 1993). Plaintiffs have simply restated some of their defamation allegations as intentional infliction claims, none of which rise to the level of being sufficiently extreme or outrageous to meet the standard for intentional infliction of emotional distress.

**J.     If the event the entire suit is not dismissed for failure to state a claim, the claims of Plaintiffs LaGrone and Strecker should be severed and dismissed.**

Plaintiff LaGrone's alleged claims arise from different facts and circumstances than the Plaintiff physicians because her alleged claims relate to matters involving the elimination of her employment position based on allegations that she would cooperate with a criminal investigation involving child pornography. Plaintiff Strecker's alleged claims likewise arise from different facts and circumstances than the other Plaintiff physicians in that they involve alleged claims arising from the reporting of inappropriate conduct to the Department of Health by O'Keefe. Furthermore, Plaintiffs LaGrone and Strecker are not in competition with the Defendant physicians and leaving their claims in the above suit merely confuses and complicates the above suit with alleged facts and issues involving Larry Langley's criminal investigation and the reporting of improper

conduct by Plaintiff Strecker that otherwise will not be issues in the above suit if their claims are severed and dismissed. Defendants Henderson and Whelchel, therefore, move to sever and dismiss the state law claims of Plaintiffs LaGrone and Strecker pursuant to FED. R. CIV. P. 20(b) and 42(b). *See Eastside Church of Christ v. Nat'l Plan, Inc.,* 391 F.2d 357, 359 (5th Cir. 1968).

WHEREFORE, Defendants Melody Henderson and Kathy Whelchel respectfully request that the Court grant their Motion to Dismiss and enter an order dismissing Plaintiffs' suit against them for failing to state a claim; that the Court choose not to exercise supplemental jurisdiction over the state law claims if the Court determines that Plaintiffs have failed to plead federal law causes of action, that the Court sever and dismiss the claims of Plaintiffs LaGrone and Strecker if the above suit is not dismissed, and that Defendants have such other relief to which they are justly entitled.

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of this instrument was, this $3/$ day of December, 2002, served upon counsel of record in this cause by placing same in the United States mail, certified mail, return receipt requested, properly stamped and addressed as follows:

Alicia Wilde
ALICIA A. WILDE. P.C.
4113 Marathon Boulevard
Austin, Texas 78756

Bill Cornett
CORNETT LAW FIRM, P.L.L.C.
612 S. Van Buren
Amarillo, Texas 79101

Matthew Hand
BROWN & FORTUNATO, P.C.
P. O. Box 9418
Amarillo, Texas 79105

Barbara Bauernfeind
Hund & Harriger
4021 84th Street
Lubbock, Texas 79423

A. Craig Carter

Respectfully submitted,

DAVIS & DAVIS, P.C.
C. Dean Davis, TBN 05464000
Mark A. Keene, TBN 00784375
9442 Capital of Texas Highway
Austin, Texas 78759
(512) 343-6248; 343-0121 FAX

By: _____
A. Craig Carter
State Bar No. 03908100

GURLEY, MITCHELL, GASSAWAY
& JONES, L.L.P.
Leon Mitchell, TBN 14220700
P. O. Drawer 707
Borger, Texas 79008
(806) 273-2857; 273-2157 FAX

GIBSON, OCHSNER & ADKINS, LLP
Thomas C. Riney, TBN 16935100
Todd O. Lafferty, TBN 00784431
701 South Taylor, Suite 500
Amarillo, Texas 79101-2400
(806) 372-4271; 378-9797

ATTORNEYS FOR DEFENDANTS
LAMBERT, O'KEEFE, HEADLEY, RIBEIRO,
FRERIKS, ZENI, WHEELER, RULLMAN,
HENDERSON, AND WHELCHEL