

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

**FEB** 2 4 2003

CLERK, U.S. DISTRICT COURT
By
Deputy

| | | |
|---|---|---|
| DR. GERRY HOLLAND, DO, et al | § | |
| | § | |
| Plaintiffs | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2-02CV-0157J |
| | § | |
| NORMAN LAMBERT, as CEO of Golden | § | |
| Community Hospital and Individually, et | § | |
| al, | § | |
| | § | |
| Defendants | § | |

## ORDER ON DEFENDANTS' RULE 12(b) MOTIONS TO DISMISS

Before the Court are:

1.   Defendants Norman Lambert, Kathy O'Keefe, Mark Headley, John Ribeiro, Connie

     Freriks, Tom Zeni, Joe Frank Wheeler, and Paul Rullman's Motion to Dismiss, filed

     August 2, 2002; Plaintiffs' response, filed August 26, 2002; and Defendants' reply,

     filed September 5, 2003;

2.   Defendants Dr. Otoniel Huertas, Dr. Jesse Perales, Dr. Bret Timmons, Dr. Wally

     Mann, Dr. John A. Ribeiro, Dr. Basil A. Younis, Dr. Vic Maza, Dr. Bard Rogers, and

     Dr. Carmen Purl's Motion to Dismiss, filed August 2, 2002; Plaintiffs' response,

     filed August 26, 2002; and Defendants' reply, filed September 10, 2003;

3.   Defendants Norm Lambert, Kathy O'Keefe, Mark Headley, John Ribeiro, Connie

     Freriks' Motion to Dismiss, filed October 7, 2002, Plaintiffs' response, filed October

     22, 2002; and Defendants' reply, filed November 1, 2002;

4.   Defendants Dr. Otoniel Huertas, Dr. Jesse Perales, Dr. Bret Timmons, Dr. Wally

Mann, Dr. Basil A. Younis, Dr. Vic Maza, Dr. Bard Rogers, and Dr. Carmen Purl's

Motion to Dismiss, filed October 7, 2002, Plaintiffs' response, filed October 22,

2002; and Defendants' reply, filed November 4, 2002; and

5.      Defendants' Kathy Whelchel and Melody Henderson's Motion to Dismiss, filed

January 3, 2003; Plaintiffs' response filed January 23, 2003

## Discussion and Analysis

The Defendants' objections to the Plaintiffs' pleadings have come to the Court in the form

of Rule 12(b)(6) motions to dismiss for failure to state a claim upon which relief can be granted. *See*

Fed. R. Civ. P. 12(b).  In certain circumstances, the Federal Rules of Civil Procedure allow the

district court to treat a 12(b)(6) motion to dismiss as a motion for summary judgment under Rule 56.

*See Id.* Specifically, Rule 12(b) states:

> "If, on a motion asserting the defense numbered (6) to dismiss for failure of
> the pleadings to state a claim upon which relief can be granted, matters outside the
> pleadings are presented to and not excluded by the court, the motion shall be treated
> as one for summary judgment and disposed of as provided in Rule 56. . ..

*See Id.*

A ruling on the Defendants' previously mentioned 12(b)(6) motions to dismiss will require

the Court to review and analyze materials outside the pleadings on file in this case.  As a result, this

Court will treat the motions to dismiss as ones for summary judgment under Rule 56.

When a court decides to treat a 12(b)(6) motion to dismiss as a motion for summary

judgment, Rule 12(b) further states:

> ". . . all parties shall be given reasonable opportunity to present all material
> made pertinent to such a motion by Rule 56."

*See Id.*

-2-

The Federal Rules of Civil Procedure do not define what constitutes a "reasonable opportunity." In the case at bar, this Court's Amended Rule 16 Scheduling Order states that any motions for summary judgment must be filed by March 24, 2003.

In light of the Rule 16 deadlines, the Defendants are given until March 24, 2003, to file "all material made pertinent to such a motion by Rule 56" in support of their pending motions to dismiss, now considered motions for summary judgment under Rule 56. Plaintiffs shall file all responsive materials within twenty (20) days of receipt of Defendants' filing.

It is SO ORDERED.

Signed this the _____ day of February, 2003.

MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE

-3-