IN THE UNITED STATES DISTRICT COURT
FOR THE NOTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



ORIGINAL
U.S.
NORTHERN DISTRICT OF TEXAS
FILED
MAR 2 4 2003
CLERK, U.S. DISTRICT COURT
By
Deputy

| | |
|---|---|
| DR. GERRY HOLLAND, DO, et al., § | |
| § | |
| Plaintiffs § | |
| § | |
| v. § | |
| § | CIVIL ACTION NO. 2-02CV-0157J |
| MR. NORMAN LAMBERT, as § | |
| CEO of Golden Plains Community § | |
| Hospital and Individually, et al., § | |
| § | |
| Defendants § | |

## DEFENDANT NORMAN LAMBERT'S MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Defendant Norman Lambert submits this Motion for Summary Judgment and shows the Court the following:

### INTRODUCTION

On February 21, 2003, the Court ordered that the previously filed Motions to Dismiss would be treated as Motions for Summary Judgment, with supporting evidence filed by March 24, 2003. Defendant now files this Motion showing he is entitled to summary judgment as a matter of law.

### SUMMARY

Defendant Lambert moves for summary judgment based on the following grounds:

*Federal law claims*

**Qualified immunity**

1.  Lambert is entitled summary judgment from Plaintiffs' claims brought under 42 U.S.C. §1983 based on qualified immunity because he is a governmental official that was

performing discretionary acts and because his actions i) did not violate either the First Amendment or the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution, ii) did not violated clearly established law, and, iii) were objectively reasonable.

### Constitutional Claims: §1983 First Amendment

2. Lambert is entitled to summary judgment regarding Strecker's First Amendment claims because Strecker has no evidence that Lambert took any adverse action against him.

3. Lambert is entitled to summary judgment regarding LaGrone's First Amendment claims based on her dismissal because: i) LaGrone did not actually engage in the protected speech as alleged in the Amended Complaint; ii) LaGrone's speech did not involve a matter of public concern; iii) LaGrone's alleged protected speech was not a motivating factor in the adverse employment action, and, iv) LaGrone has not pleaded that a "secret meeting" in 1997 and her negative evaluations constituted First Amendment retaliation, these claims would be barred by the two-year statute of limitations, she has no evidence that she engaged in any protected speech that motivated these actions, and they do not constitute adverse actions.

4. Lambert is entitled to summary judgment regarding the additional First Amendment claims that he wrote a letter that was critical of "certain individuals" and that he did not inform LaGrone of the nature or contents of certain material he provided to her because these alleged incidents do not involve any retaliation or adverse action taken by Lambert.

5. Lambert is entitled to summary judgment on all of Plaintiffs' First Amendment claims based on qualified immunity.

### Constitutional Claims: §1983 Equal Protection

6. Lambert is entitled to summary judgment regarding Plaintiffs' Sangalang, Trirogoff, Ed Quiros, and C.P. Quiros' equal protection claims because: i) Plaintiffs have no

evidence that Lambert intentionally discriminated against them based on their race and/or Filipino national origin; ii) Plaintiffs have no evidence of any intentional discrimination by Lambert that had an adverse effect on them; iii) Plaintiffs' cannot show that similarly situated individuals have been treated differently than them.

7. Lambert is entitled to summary judgment on Plaintiffs' equal protection claims based on qualified immunity.

### Official Capacity Claims

8. To the extent Lambert has been sued in his official capacity, he is entitled to summary judgment because Plaintiffs cannot show that an official policy which was the moving force behind any constitutional violation and they cannot show that any policymaker violated their constitutional rights.

### Antitrust Claims

9. Defendant Lambert is entitled to judgment as a matter of law with regard to Plaintiffs' antitrust claims because: i) Plaintiffs lack standing to bring their antitrust claims because they cannot show an antitrust injury and because they are not proper antitrust plaintiffs; ii) Plaintiffs' antitrust claims fail jurisdictionally because Plaintiffs have no evidence to show an effect on interstate commerce; iii) Plaintiffs cannot established the relevant product and geographic markets; iv) Plaintiffs cannot show an unreasonable restraint of trade to support their Section 1 Sherman Act claim; v) Plaintiffs cannot prove "concerted action" to support their Section 1 Sherman Act claim; vi) Plaintiffs have no evidence to support their monopoly claim under Section 2 of the Sherman Act; vii) Defendant Lambert is immune from damages, interest on damages, costs, and attorney's fees with regard to Plaintiffs' antitrust claims pursuant to the Local Government Antitrust Act.

### LaGrone's Employment Discrimination Claim

10. Lambert is entitled to summary judgment regarding LaGrone's employment discrimination claims because: i) he was not LaGrone's employer and thus he is not a proper defendant under the ADEA or Title VII in his individual capacity; ii) LaGrone did not exhaust her administrative remedies with regard to her age discrimination claim; iii) GPCH had legitimate non-discriminatory reasons for the employment decision affecting LaGrone which she cannot show are pretexts for discrimination; iv) she did not oppose a wrongful employment practice as required to support a retaliation claim under Title VII or the ADEA.

### *State law claims*

### Official Immunity

11. Lambert is entitled to official immunity from Plaintiffs' state law claims because, with regard to Plaintiffs' allegations, he was performing discretionary duties, within the scope of his authority, and he acted in good faith.

### Defamation/Business Disparagement

12. Lambert is entitled to summary judgment with regard to Sangalang's allegations that he caused an article to appear in the newspaper entitled "Sangalang Guilty of Malpractice" because Sangalang has no evidence to support the essential element of publication.

13. Lambert is entitled to summary judgment with regard to Holland's allegations that he told the Hospital Board that she committed acts constituting abandonment of patients on a weekend when she had no patients because: i) the evidence shows that Lambert did not make the statement, thus negating the essential element of publication; ii) Lambert's statements were not false; iii) Lambert is entitled to official immunity on this claim; iv) Lambert is entitled to qualified privilege because he was communicating regarding matters in which he had an interest

and about which he had a duty to perform to other persons with corresponding interests and duties and he acted without malice.

14. Lambert is entitled to summary judgment with regard to the allegations that he accused Plaintiff Trirogoff of refusing to treat a patient and breaching a contract with the Hospital because: i) Trirogoff has no evidence has no evidence to support the essential element of publication to a third person; and, ii) Lambert's statements of fact were not false.

15. Lambert is entitled to summary judgment regarding Plaintiffs' claim of business disparagement because the Plaintiffs have no evidence to support any of the following elements: (i) the defendant published disparaging words about the claimant's economic interests; (ii) the words were false; (iii) the defendant published the words with malice; (iv) the defendant published the words without privilege; and (v) the publication caused special damages.

### Interference with Contract

16. Lambert is entitled to summary judgment regarding the allegation that he began requiring that all doctors who performed services at the Hospital designate either Dr. Trirogoff or Chuck Flinko to provide their patients with anesthesia because: i) Trirogoff cannot show an existing or prospective contract that was interfered with; ii) Lambert did not willfully and intentionally interfered with an existing contract and his conduct was not independently wrongful to support a claim of interference with prospective contract; iii) Lambert is entitled to judgment based on the defense of justification because he was engaging in a bona fide exercise of his rights and responsibilities; iv) Lambert is entitled to official immunity on this claim.

17. Lambert is entitled to summary judgment regarding the allegation that the license to the Borger Rural Health Clinic was "given" to Dr. Timmons, preventing the Plaintiffs from the ability of purchasing or using those facilities because: i) Plaintiffs have no evidence of an

existing or prospective contract that was interfered with; ii) Lambert is entitled to judgment based on the defense of justification because he was engaging in a bona fide exercise of his rights and responsibilities and he had an equal or superior right to the subject matter; iv) Lambert is entitled to official immunity on this claim.

### LaGrone's State Law Wrongful Termination Claim

18. Lambert is entitled to summary judgment regarding LaGrone's state law wrongful termination claim because: i) there is no common law cause of action for wrongful discharge under Texas law; ii) LaGrone cannot establish a *Sabine Pilot* claim because she was not terminated for refusing to perform an illegal act; iii) any claim asserted under the Texas Whistleblower Act is barred by the applicable statute of limitations.

### Abuse of Process

19. Lambert is entitled to summary judgment on Plaintiffs' abuse of process claim because i) Plaintiffs cannot prove that he made an illegal, improper or perverted use of a process issued in a civil or criminal proceeding; and, ii) the only claim asserted concerns peer reviews, and no exceptions to the immunity provided for peer reviews have been pleaded, nor do peer review investigations constitute a "process" that can be the subject of an abuse of process claim.

### Intentional Infliction of Emotional Distress

20. Lambert is entitled to summary judgment on Plaintiffs' claims for intentional infliction of emotional distress because they have not pleaded facts, and they have no evidence, showing that Defendants committed acts that are so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

### Official Capacity Claims

21. To the extent Plaintiffs are asserting state law claims against Lambert in his official capacity, those claims are barred by sovereign immunity.

### Peer Review/Medical Committee Immunities

22. To the extent any of the Plaintiffs' claims are based on any reports or statements to, or any act, statement, determination or recommendation made during a proceeding of, a peer review medical committee, as those acts are defined by law, Lambert is immune from liability under the following provisions: Texas Occ. Code §160.001 et seq., particularly Tex. Occ. Code §160.010(a)-(c); the Health Care Quality Improvement Act, 42 U.S.C. §§11101, et seq., particularly 42 U.S.C. §§11111(a) and 11112; and, Texas Health & Safety Code §161.001 et seq., particularly Tex. Health & Safety Code §161.033.

### SUPPORTING BRIEF AND APPENDIX

Pursuant to the local rules, Defendant Lambert has filed a Brief in Support of his Motion for Summary Judgment. The supporting Brief contains the items required by Local Rule 56.3(a)(2) and (3). Defendant Lambert's Summary Judgment evidence is contained in the Appendix to Hospital Defendants' Motions for Summary Judgment.

### PRAYER

WHEREFORE, Defendant Lambert prays that the Court grant his Motion for Summary Judgment and enter an order dismissing all of Plaintiffs' claims against him in their entirety, and that he have such other and further relief to which he is justly entitled.

Respectfully submitted,

DAVIS & DAVIS, P.C.
C. Dean Davis, TBN 05464000
Mark A. Keene, TBN 00784375
9442 Capital of Texas Highway
Austin, Texas 78759
(512) 343-6248; 343-0121 FAX

By /s/ A. Craig Carter
A. Craig Carter
State Bar No. 03908100

GIBSON, OCHSNER & ADKINS, LLP
Thomas C. Riney, TBN 16935100
Todd O. Lafferty, TBN 00784431
701 South Taylor, Suite 500
Amarillo, Texas 79101-2400
(806) 372-4271; 378-9797

ATTORNEYS FOR DEFENDANTS
LAMBERT, O'KEEFE, HEADLEY, RIBEIRO,
FRERIKS, ZENI, WHEELER, RULLMAN,
HENDERSON, AND WHELCHEL

CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of this instrument was, this 21 day of March, 2003, served upon counsel of record in this cause by placing same in the United States mail, certified mail, return receipt requested, properly stamped and addressed as follows:

Alicia Wilde
ALICIA A. WILDE. P.C.
4113 Marathon Boulevard
Austin, Texas 78756

Damon Richards
Harding, Bass, Fargason, Booth,
St.Clair & Richards
1901 University, Suite 500
P.O. Box 5950
Lubbock, Texas 79408-5950

Bill Cornett
Cornett Law Firm, P.L.L.C.
612 S. Van Buren
Amarillo, Texas  79101

Matthew Hand
Brown & Fortunato, P.C.
P. O. Box 9418
Amarillo, Texas  79105

Barbara Bauernfeind
Hund & Harriger
4021 84th Street
Lubbock, Texas 79423

A. Craig Carter