

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAY 16 2003
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| GERRY HOLLAND, D.O., et al. | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2-02CV-0157J |
| | § | |
| NORMAN LAMBERT as CEO | § | |
| of Golden Plains Community Hospital | § | |
| and individually, et al. | § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS' MOTION TO RECONSIDER ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT AND MOTION TO STRIKE SECOND AMENDED COMPLAINT AND SUPPORTING BRIEF**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Defendants Otoniel Huertas, M.D., Jesse Perales, M.D., Bret Timmons, D.O., Wallace Mann, M.D., Basil Younis, M.D., Vic Maza, M.D., Bard Rogers, M.D., Carmen Purl, M.D., Norman Lambert, as CEO of Golden Plains Community Hospital and individually, Kathy O'Keefe, Members of the Board of Golden Plains Community Hospital, Mark Headley, John Ribeiro, Connie Freriks, Tom Zeni, Joe Frank Wheeler, Paul Rullman, Kathy Whelchel, and Melody Henderson ("Defendants"), and file this Motion to Reconsider Order Granting Plaintiffs' Motion for Leave to File Second Amended Complaint and Motion to Strike Second Amended Complaint and Supporting Brief and respectfully show the Court the following:

I.

**Motion to Reconsider**

1. On May 9, 2003, this Court signed an Order granting Plaintiffs' Motion for Leave to File Second Amended Complaint. Defendants request that the Court reconsider its Order allowing Plaintiffs to file their Second Amended Complaint and enter an Order denying Plaintiffs' Motion for Leave to Amend and that the Court enter an Order Striking Plaintiffs' Second Amended Complaint. Under the current scheduling order in this case, the dispositive motions deadline has already passed, the discovery completion deadline is May 23, 2003, and the case is set for trial on the June docket. The Second Amended Complaint, filed on May 9, 2003, now adds new claims for remedies that were not previously a part of the litigation and it asserts claims for remedies against parties that were not previously sued with regard to those claims. Most notably, the Second Amended Complaint asserts numerous claims under §1983 against the Defendant Physicians and Defendants Henderson, Whelchel and O'Keefe, asserts claims of due process violations for deprivation of both property and liberty interests against all Defendants, and alleges the existence of implied contracts between the Plaintiff Physicians and Golden Plains Community Hospital which Plaintiffs allege were interfered with by various Defendants. None of these remedies were included in the Plaintiffs' First Amended Complaint, which had been the live pleading in this case for the last nine months. All of the discovery in this case has been conducted based on the First Amended Complaint. All the Motions for Summary Judgment filed by Defendants' address only the claims contained in the First Amended Complaint. A tremendous amount of money, time and effort has already been spent defending against the claims and allegations contained in the Plaintiffs' First Amended Complaint. The addition of the new claims and allegations in Plaintiffs' Second Amended

Complaint significantly expands and adds to this litigation and it does so after most of the scheduling order deadlines have passed and within a month of the trial docket. Defendants do not wish to extend this litigation and to have it become even more time consuming and costlier. If Plaintiffs are allowed to proceed with their Second Amended Complaint, however, it seems inevitable that the trial of this case will be delayed and new deadlines set. Therefore, Defendants request that the Court reconsider its Order granting Plaintiffs' Motion for Leave to File Second Amended Complaint, upon reconsideration deny the Motion for Leave, and Strike Plaintiffs' Second Amended Complaint.

## II.

### Supporting Brief

### Arguments and Authorities

2. The Second Amended Complaint adds new claims for remedies that were not previously a part of the litigation and it asserts claims for remedies against parties that were not previously sued with regard to those causes of action. For example, the Second Amended Complaint asserts numerous claims under Section 1983 against the Defendant Physicians and against Defendants Henderson, Whelchel, and O'Keefe. See Plaintiffs' Second Amended Complaint, pp. 10-15. These claims were not included in Plaintiffs' First Amended Complaint. See Plaintiffs' First Amended Complaint, pp. 13-15 (asserting Section 1983 claims against Defendants Lambert and Defendant Board Members only). Plaintiffs' Second Amended Complaint also asserts substantive due process claims and claims procedural due process violations for deprivation of both property interests and liberty interests. See Plaintiffs' Second Amended Complaint, pp. 10-15. Absolutely no due process claims were asserted in Plaintiffs' First Amended Complaint. See Plaintiffs' First Amended Complaint, pp. 13-15 (asserting only claims of free speech and

equal protection violation under Section 1983). Plaintiffs newly asserted due process remedy has entirely different elements than the claims previously pleaded by Plaintiffs. See, *Cleveland Bd. Of Ed. v. Loudermill*, 470 U.S. 532, 105 S. Ct. 1487, 84 L. Ed. 2d 494 (1985); *Findeisen v. Northeast Independent School Dist.*, 749 F.2d 234, 237 (5th Cir. 1984)(discussing elements of procedural due process claim). Additionally, Plaintiffs are now alleging the existence of implied contracts between the Hospital and Plaintiffs Trirogoff, Holland, Sangalang, and Elston and claiming that they were deprived of this "property interest" and that these contracts were tortiously interfered with by various Defendants. See Plaintiffs' Second Amended Complaint, pp. 13-14; 23-24. Although Plaintiffs' First Amended Complaint alleged that Defendants attempted to get rid of Plaintiff doctors and force them to close their practices, no such "implied contracts" were mentioned in Plaintiffs' First Amended Complaint and these are entirely new claims now being pleaded in Plaintiffs' lawsuit for the first time. See Plaintiffs' First Amended Complaint, pp. 10-11.[1]

3. Because many of the claims asserted in the Second Amended Complaint are new to the lawsuit, the extensive discovery done in the case has not addressed these claims.[2] Some of the issues raised by the Second Amended Complaint which Defendants have not been able to address in discovery are: what evidence exists, if any, to support Plaintiffs' newly asserted claims under Section 1983 against the Defendant Doctors and Defendants Henderson, Whelchel and O'Keefe; what evidence Plaintiffs have, if any, to support the elements of their newly

---

[1] The Second Amended Complaint also includes other new claims. For example: First Amendment claims are now being asserted on behalf of all of the Plaintiffs, as opposed to just LaGrone and Strecker as pleaded in the First Amended Complaint; the Plaintiff doctors are now asserting an age discrimination claim under the Equal Protection clause, in addition to their race discrimination claim that was pleaded in the First Amended Complaint; and, equal protection claims are now being asserted for the first time on behalf of Holland and Elston.

[2] This includes the depositions of all eight Plaintiffs, which were conducted prior to Plaintiffs filing their Motion for Leave to File Second Amended Complaint.

asserted due process claims; and discovery on Plaintiffs' newly asserted claims regarding of the existence of implied contracts between the Hospital and four of the Defendant doctors.

4. Defendants also have not had the opportunity to address the many new claims asserted in the Second Amended Complaint in their summary judgment motions, which have now been on file for over one and a half months. Plaintiffs should not be allowed to add their new claims after Defendants have filed extensive motions for summary judgment addressing all of the claims in the First Amended Complaint. In particular, under the current scheduling order in the case, Defendants will not have the opportunity to assert their entitlement to qualified immunity to the Plaintiffs' newly asserted claims under Section 1983 in motions for summary judgment. Defendants are entitled to have their defense of qualified immunity as to all claims under Section 1983 heard and resolved prior to trial. *See Behrens v. Pelletier*, 516 U.S. 299, 307, 116 S. Ct. 834, 839, 133 L.Ed. 2d 773 (1996); *Saucier v. Katz*, 533 U.S. 194, 200-201, 121 S.Ct. 2151, 2156, 150 L. Ed. 2d. 272 (2001)(qualified immunity is immunity from suit and an entitlement not to stand trial or face other burdens of litigation and Court should resolve questions of qualified immunity "at the earliest possible stage in litigation")(internal citations omitted).

5. Defendants do not wish to prolong this litigation. This lawsuit has been extremely costly to Defendants both in terms of money and time expended for the defense and the burden that this lawsuit has placed on the one rural hospital in Hutchinson County. Allowing Plaintiffs to move forward with their Second Amended Complaint, with all its additional claims and allegations, at this very late date in the lawsuit will have one of two results: the Defendants will be greatly prejudiced because they will be deprived of their ability to adequately defend against the new claims; or, the cost and the burden of this litigation to the parties will be greatly

increased and it will cause even further hardships for the Hospital because the lawsuit will have to drag on further to allow Defendants to adequately defend against the new claims. Defendants strongly urge this Court not to allow Plaintiffs to proceed with the Second Amended Complaint, which adds in entirely new claims right on the eve of trial, after the vast majority of discovery has been conducted, and after extensive dispositive motions have been filed.

WHEREFORE, PREMISES CONSIDERED, Defendants pray that this Honorable grant this Motion to Reconsider, and upon reconsideration, deny Plaintiffs' Motion for Leave to File Second Amended Complaint and strike the Plaintiffs' Second Amended Complaint.

Respectfully submitted,

DAVIS & DAVIS, P.C.
A. Craig Carter TBN 03908100
9442 Capital of Texas Highway

Arboretum Plaza I, Suite 950
Austin, Texas 78759
(512) 343-6248; 343-0121 FAX

GIBSON, OCHSNER & ADKINS, LLP
701 South Taylor, Suite 500
Amarillo, Texas 79101-2400
(806) 372-4271; 378-9797 FAX

By /s/ Thomas C. Riney
    Thomas C. Riney
     Texas Bar No. 16935100
     Todd O. Lafferty
     Texas Bar No. 00784431

ATTORNEYS FOR DEFENDANTS
LAMBERT, O'KEEFE, HEADLEY, RIBEIRO,
FRERIKS, ZENI, WHEELER, RULLMAN,
WHELCHEL, AND HENDERSON

BROWN AND FORTUNATO, P.C.

BROWN AND FORTUNATO, P.C.
905 South Fillmore, Suite 400 (79101)
P.O. Box 9418
Amarillo, TX 79105-9418
(806) 345-6300; 345-6363 FAX

By: _____
Matthew H. Hand
Texas Bar No. 08819750

ATTORNEYS FOR DEFENDANTS
HUERTES, TIMMONS, MANN, YOUNIS,
ROGERS AND PURL


CRAIG, TERRILL & HALE
P.O. Box 1979
Lubbock, Texas 79408

By: _____ for
Barbara Bauernfeind          with permission
Texas Bar No. 08190500

ATTORNEYS FOR DEFENDANTS MAZA
AND PERALES


## CERTIFICATE OF CONFERENCE

I certify that a conference was held between Craig Carter and attorney for Plaintiffs, Damon Richards, on the 12th day of May, 2003 and Damon Richards informed Mr. Carter that he is opposed to the above Motion.

_____
Todd O. Lafferty

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded on this the 16 day of May, 2003, to the following:

**Via Certified Mail, Return Receipt Requested**
Damon Richards
Harding, Bass, Fargason, Booth,
St.Clair & Richards
1901 University, Suite 500
P.O. Box 5950
Lubbock, Texas 79408-5950

Bill Cornett
Cornett Law Firm, PLLC
612 S. Van Buren
Amarillo, Texas 79101

Todd O. Lafferty