

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

MAY 2 1 2003

CLERK, U.S. DISTRICT COURT
By
_____ Deputy

| | | |
|---|---|---|
| DR. GERRY HOLLAND, DO, et al, | § | |
| Plaintiffs | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 2-02CV-0157J |
| MR. NORMAN LAMBERT, as | § | |
| CEO of Golden Plains Community | § | |
| Hospital and Individually, et al, | § | |
| Defendants | § | |

### DEFENDANTS VIC MAZA, M.D. AND ,JESSE PERALES, M.D.'S
### FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Defendants, VIC MAZA, M.D. and JESSE PERALES, M.D., and file this

their First Amended Answer and Affirmative Defenses to Plaintiffs' Second Amended

Complaint, and their Counterclaim, and would respectfully show the Court the following:

## I. ANSWER

Defendants Maza and Perales specifically deny any allegation that is not specifically admitted

herein.

1.      Defendants Maza and Perales admit that Plaintiffs have asserted claims arising under

the laws of the United States.  However, Defendants Maza and Perales deny they

have violated those laws or that Plaintiffs have been damaged by Defendants Maza

and Perales actions as alleged in Paragraph 1 of Plaintiffs' Second Amended

Complaint ("Complaint").

2.      Defendants Maza and Perales admit the allegations of Paragraphs 2, 3, 4, and 5 of the

Complaint.

3.      Defendants Maza and Perales admit that the identified physicians have medical staff

First Amended Answer and Counterclaim
S:\ATTORNEY\Bauernfeind\MedPro\Holland et al v Maza & Perales\Pleadings\Answers-Appearance\Amended answer to 2nd complaint 5-19-03 wpd

Page 1

privileges at Golden Plains Community Hospital. Otherwise, the allegations in Paragraph 6 of the Complaint are denied.

4.      Defendants Maza and Perales admit the allegations contained in Paragraph 7 of the Complaint except Defendants Maza and Perales lack sufficient knowledge to either admit or deny the allegation that various persons "were subject to the board's control, direction, and removal". Therefore, such allegation is denied.

5.      Defendants Maza and Perales lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 8 of the Complaint. Therefore, the allegations are denied.

6.      Defendants Maza and Perales lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 9 of the Complaint. Therefore, the allegations are denied.

7.      Defendants Maza and Perales deny the allegations contained in Paragraph 10 of the Complaint.

8.      Defendants Maza and Perales restate the above responses in response to Paragraph 11 of the Complaint.

## PART A

9.      With regard to Paragraph 12 of the Complaint, Defendants Maza and Perales admit the individuals listed except Plaintiff Strecker are medical doctors. They deny that Strecker is a medical doctor. Defendants Maza and Perales have insufficient information to admit or deny whether all the listed persons had private practices in Borger, Texas at the stated time. Therefore, such allegation is denied.

First Amended Answer and Counterclaim
S:\ATTORNEY\Bauernfeind\MedPro\Holland et al v  Maza & Perales\Pleadings\Answers-Appearance\Amended answer to 2nd complaint 5-19-03.wpd

Page 2

10.     With regard to Paragraph 13 of the Complaint, Defendants Maza and Perales do not have sufficient information to admit or deny the allegations.   Therefore, the allegations are denied.

11.     With regard to Paragraph 14 of the Complaint, Defendants Maza and Perales admit that Plaintiff Doctors had privileges to see, attend to, and treat patients.   Said Defendants state they have insufficient information to admit or deny that Trirogoff received a salary from the hospital, and, therefore, deny said allegation.

12.     With regard to Paragraph 15 of the Complaint, Defendants Maza and Perales deny that Holland, Sangalang, Elston and Trirogoff were members of the MEC until December 31, 2001.

13.     With regard to Paragraph 16 of the Complaint, Defendants Maza and Perales deny that Lambert was hired in November 1996.

14.     With regard to Paragraphs 17, 18 and 19 of the Complaint, Defendants Maza and Perales admit that, pursuant to a strategy recommended by the Physician Recruitment Committee and approved by the Board, the hospital recruited new physicians from 1998 through 2000 using recruitment agreements that included income guarantees and other financial incentives. Defendants Maza and Perales   lack sufficient information to admit or deny the remaining allegations.  Therefore, the allegations are denied

15.     Defendants Maza and Perales   lack sufficient information to admit or deny the allegations contained in Paragraph 20 of the Complaint.  Therefore, the allegations are denied.

First Amended Answer and Counterclaim
S \ATTORNEY\Bauernfeind\MedPro\Holland et al v. Maza & Perales\Pleadings\Answers-Appearance\Amended answer to 2nd complant.5-19-03 wpd

Page 3

16.  Defendants Maza and Perales lack sufficient information to admit or deny the allegations contained in Paragraphs 21 and 22 of the Complaint. Therefore, the allegations are denied.

17.  With regard to Paragraph 23 of the Complaint, Defendants Maza and Perales lack sufficient information to admit or deny the allegations. Therefore, the allegations are denied.

18.  With regard to Paragraph 24 of the Complaint, Defendants Maza and Perales lack sufficient information to admit or deny the allegation. Therefore, the allegation is denied.

19.  Defendants Maza and Perales deny the allegation stated in Paragraph 25 of the Complaint.

## PART B

20.  With regard to Part B, Defendants Maza and Perales deny that Defendants committed Common Law Defamation, Slander, Libel, and Business Disparagement.

21.  With regard to Paragraph 26 of the Complaint, Defendants Maza and Perales admit that the listed Defendants signed a letter addressed to the Board dated June 5, 2001. Said Defendants deny the remaining allegations.

22.  With regard to Paragraph 27 of the Complaint, Defendants Maza and Perales deny that Defendants caused an article to appear in the Borger News Herald and deny that a summary of the letter was published in the newspaper on or about June 8, 2001.

23.  With regard to Paragraph 28 of the Complaint, Defendants Maza and Perales admit that Rogers wrote a letter to the editor that was published in the newspaper regarding the statement from the MEC. Said Defendants deny the remaining allegations.

First Amended Answer and Counterclaim
S:\ATTORNEY\Bauernfeind\MedPro\Holland et al v. Maza & Perales\Pleadings\Answers-Appearance\Amended answer to 2nd complaint 5-19-03.wpd

Page 4

24.     With regard to Paragraph 29 of the Complaint, Defendants Maza and Perales have insufficient information to admit or deny the allegations. Therefore, the allegations are denied.

## PART C

25.     With regard to Paragraphs 30 and 31 of the Complaint, Defendants Maza and Perales lack sufficient information to admit or deny the allegations. Therefore, the allegations are denied.

26.     With regard to Paragraph 32 of the Complaint, Defendants Maza and Perales lack sufficient information to admit or deny the allegations except to admit Larry Langley's employment ended in early 2000. The remaining allegations are denied.

27.     With regard to Paragraph 33 of the Complaint, Defendants Maza and Perales lack sufficient information to admit or deny the allegations. Therefore, the allegations are denied.

28.     With regard to Paragraph 34 of the Complaint, Defendants Maza and Perales lack sufficient information to admit or deny the allegations. Therefore, the allegations are denied.

29.     With regard to Paragraph 35 of the Complaint, Defendants Maza and Perales lack sufficient information to admit or deny the allegations. Therefore, the allegations are denied.

30.     With regard to Paragraph 36 of the Complaint, Defendants Maza and Perales lack sufficient information to admit or deny the allegations. Therefore, the allegations are denied.

First Amended Answer and Counterclaim
S \ATTORNEY\Bauernfeind\MedPro\Holland et al v. Maza & Perales\Pleadings\Answers-Appearance\Amended answer to 2nd complaint 5-19-03 wpd

Page 5

31.     With regard to Paragraph 37 of the Complaint, Defendants Maza and Perales lack

        sufficient information to admit or deny the allegations. Therefore, the allegations are

        denied.

32.     With regard to Paragraph 38 of the Complaint, Defendants Maza and Perales have

        insufficient information to admit or deny the allegations. Therefore, the allegations

        are denied.

33.     With regard to Paragraph 39 of the Complaint, Defendants Maza and Perales have

        insufficient information to admit or deny the allegations. Therefore, the allegations

        are denied.

34.     With regard to Paragraph 40 of the Complaint, Defendants Maza and Perales have

        insufficient information to admit or deny the allegations. Therefore, the allegations

        are denied.

35.     With regard to Paragraph 41 of the Complaint, Defendants Maza and Perales have

        insufficient information to admit or deny the allegations. Therefore, the allegations

        are denied.

36.     With regard to Paragraph 42 of the Complaint, Defendants Maza and Perales have

        insufficient information to admit or deny the allegations. Therefore, the allegations

        are denied.

## **PART D**

37.     With regard to Paragraph 43 of the Complaint, Defendants Maza and Perales have

        insufficient information to admit or deny the allegations. Therefore, the allegations

        are denied.

First Amended Answer and Counterclaim
S:\ATTORNEY\Bauernfeind\MedPro\Holland et al v  Maza & Perales\Pleadings\Answers-Appearance\Amended answer to 2nd complaint 5-19-03 wpd

Page 6

38.     With regard to Paragraph 44 of the Complaint, Defendants Maza and Perales have insufficient information to admit or deny the allegations. Therefore, the allegations are denied.

39.     With regard to Paragraph 45 of the Complaint, Defendants Maza and Perales have insufficient information to admit or deny the allegations. Therefore, the allegations are denied.

40.     With regard to Paragraph 46 of the Complaint, Defendants Maza and Perales lack sufficient information to admit or deny the allegation, other than to admit Dr. Strecker formerly was a member of the hospital board. The remaining allegations are denied.

41.     With regard to Paragraph 47 of the Complaint, Defendants Maza and Perales lack sufficient information to admit or deny the allegation. Therefore, it is denied.

42.     With regard to Paragraph 48 of the Complaint, Defendants Maza and Perales  lack sufficient information to admit or deny the allegation. Therefore, the allegations  are denied.

## PART E.

43.     Defendants Maza and Perales lack sufficient information to admit or deny the allegations in Paragraphs 49-51 of the Complaint. Therefore, the allegations are denied.

## PART F.

44.     Defendants Maza and Perales lack sufficient information to admit or deny the allegations in Paragraph 52 of the Complaint. Therefore, the allegations  are denied.

## PART G.

45.     Defendants Maza and Perales lack sufficient information to admit or deny the

allegations in Paragraphs 53 and 54 of the Complaint. Therefore, the allegations are denied.

46.    Defendants Maza and Perales admit a certified nurse anesthetist began working at the hospital.  Defendants Maza and Perales deny the remainder of the allegations in Paragraph 55 of the Complaint.

47.    Defendants Maza and Perales lack sufficient information to admit or deny the allegations in Paragraphs 56 and 57 of the Complaint. Therefore, the allegations are denied.

48.    Defendants Maza and Perales deny the allegation they chose any anesthesia provider. Defendants Maza and Perales lack sufficient information to admit or deny the remaining allegations in Paragraph 58 of the Complaint.  Therefore, the remaining allegations are denied.

**PART H.**

49.    Defendants Maza and Perales lack sufficient information to admit or deny the allegations in Paragraphs 59-61 of the Complaint.  Therefore, the allegations are denied.

**COUNT I (§1983 SUBSTANTIVE DUE PROCESS - RETALIATION)**

50.    Defendants Maza and Perales restate the above responses with respect to the allegations in Paragraph 62 of the Complaint.

51.    Defendants Maza and Perales deny the allegations in Paragraphs 63-68 of the Complaint.

52.    Defendants Maza and Perales admit Dr. Sangalang's privileges at Golden Plains Community Hospital expired in February, 2003. Otherwise, the allegations contained in Paragraph 69 of the Complaint are denied.

First Amended Answer and Counterclaim

S \ATTORNEY\Bauernfeind\MedPro\Holland et al v  Maza & Perales\Pleadings\Answers-Appearance\Amended answer to 2nd complant 5-19-03 wpd

Page 8

53.    Defendants Maza and Perales deny the allegations in Paragraphs 70-78 of the Complaint.

**COUNT II (§1983 SUBSTANTIVE DUE PROCESS - DEFAMATION)**

54.    Defendants Maza and Perales restate the above responses with respect to the allegations in Paragraph 79 of the Complaint.

55.    Defendants Maza and Perales deny the allegations in Paragraphs 80-84 of the Complaint.

56.    Defendants Maza and Perales deny that their conduct was the proximate cause of damages alleged in Paragraph 84 of the Complaint.

**COUNT III (§1983 - PROCEDURAL DUE PROCESS -
DEPRIVATION OF PROPERTY INTEREST**

57.    Defendants Maza and Perales restate the above responses with respect to the allegations in Paragraph 85 of the Complaint.

58.    Defendants Maza and Perales deny the allegations in Paragraphs 86-93 of the Complaint.

59.    Defendants Maza and Perales deny that their conduct was the proximate cause of the damages alleged in Paragraph 94 of the Complaint.

**COUNT IV (§1983 - PROCEDURAL DUE PROCESS -
DEPRIVATION OF LIBERTY INTEREST)**

60.    Defendants Maza and Perales restate the above responses with respect to the allegations in Paragraph 95 of the Complaint.

61.    Defendants Maza and Perales deny the allegations in Paragraphs 96-101 of the Complaint.

62.    Defendants Maza and Perales deny that their conduct was the proximate cause of the damages alleged in Paragraph 101 of the Complaint.

## COUNT V (§ 1983 AND/OR § 1985 - CONSPIRACY)

63.     Defendants Maza and Perales restate the above responses with respect to the allegations in Paragraph 102 of the Complaint.

64.     Defendants Maza and Perales deny the allegations in Paragraphs 103-108 of the Complaint.

65.     Defendants Maza and Perales deny that their conduct was the proximate cause of the damages alleged in Paragraph 108 of the Complaint.

## COUNT VI (VIOLATION OF SHERMAN ACT)

66.     Defendants Maza and Perales restate the above responses with respect to the allegations in Paragraph 109 of the Complaint.

67.     Defendants Maza and Perales deny the allegations in Paragraph 110 of the Complaint.

68.     Defendants Maza and Perales admit the allegations in Paragraphs 111 and 112 and the first phrase of Paragraph 113 of the Complaint.  The remaining allegations of Paragraph 113 are denied.

69.     Defendants Maza and Perales admit the allegations in Paragraph 114 of the Complaint.

70.     Defendants Maza and Perales deny the allegations in Paragraphs 115-130 of the Complaint.

## COUNT VII (EQUAL PROTECTION)

71.     Defendants Maza and Perales restate the above responses with respect to the allegations in Paragraph 131 of the Complaint.

72.     Defendants Maza and Perales admit the allegations of Paragraphs 132 and 133 of the Complaint.

73.   Defendants Maza and Perales deny the allegations in Paragraph 134 of the Complaint.

74.   Defendants Maza and Perales lack sufficient information to admit or deny the allegations in Paragraphs 135-137 of the Complaint.  Therefore, the allegations are denied.

75.   Defendants Maza and Perales admit that some of the defendant doctors entered into physician recruitment agreements with the hospital district.   The remaining allegations in Paragraph 138 of the Complaint are denied.

76.   Defendants Maza and Perales deny the allegations in Paragraphs 139-141 of the Complaint.

77.   Defendants Maza and Perales admit the allegations in Paragraph 142 of the Complaint.

78.   Defendants Maza and Perales lack sufficient information to admit or deny the allegations in Paragraph 143 of the Complaint.  Therefore, the allegations are denied.

79.   Defendants Maza and Perales admit the hospital is operated by the Hutchinson County Hospital District.  Said Defendants lack sufficient knowledge to admit or deny the remaining allegations in Paragraph 144.  Therefore, the allegations are denied.

80.   Defendants Maza and Perales deny the allegations in Paragraphs 145 and 146 of the Complaint.

### COUNT VIII (STATE TORT - BUSINESS DISPARAGEMENT)

81.   Defendants Maza and Perales restate the above responses with respect to the allegations in Paragraph 147 of the Complaint.

First Amended Answer and Counterclaim
S \ATTORNEY\Bauernfeind\MedPro\Holland et al v Maza & Perales\Pleadings\Answers-Appearance\Amended answer to 2nd complaint 5-19-03 wpd

Page 11

82.  Defendants Maza and Perales deny the allegations in Paragraphs 148 and 149 of the Complaint.

83.  Defendants Maza and Perales deny that their conduct was the proximate cause of the damages alleged in Paragraph 149 of the Complaint. Defendants Maza and Perales deny the allegations in Paragraph 149 of the Complaint.

## COUNT IX (STATE TORT - DEFAMATION)

84.  Defendants Maza and Perales restate the above responses with respect to the allegations in Paragraph 150 of the Complaint.

85.  Defendants Maza and Perales deny the allegations in Paragraphs 151-157 of the Complaint.

86.  Defendants Maza and Perales cannot determine what statements are referred to in Paragraphs 158 and 159 of the Complaint. Therefore, the allegations are denied.

87.  Defendants Maza and Perales deny the allegations in Paragraphs 160 and 161 of the Complaint.

88.  Defendants Maza and Perales deny that their conduct was the proximate cause of the damages alleged in Paragraph 162 of the Complaint. Defendants Maza and Perales deny the allegations in Paragraph 162 of the Complaint.

89.  Defendants Maza and Perales deny the allegations in Paragraph 163 of the Complaint.

90.  Defendants Maza and Perales deny the allegations in paragraph 164(a) of the Complaint. These Defendants admit they signed a June 5, 2001 letter to be delivered to the hospital board. The June 5, 2001 letter did not contain false and defamatory statements.

First Amended Answer and Counterclaim
S:\ATTORNEY\Bauerntend\MedPro\Holland et al v. Maza & Perales\Pleadings\Answers-Appearance\Amended answer to 2nd complaint 5-19-03.wpd

Page 12

91.     Defendants Maza and Perales deny the allegations in Paragraph 164(b) of the Complaint.

92.     Defendants Maza and Perales lack sufficient information to admit or deny the allegations in Paragraphs 164(c) and (d) of the Complaint. Therefore, the allegations are denied.

93.     Defendants Maza and Perales lack sufficient information to admit or deny the allegations in Paragraphs 165 of the Complaint. Therefore, the allegations are denied.

## COUNT X (STATE TORT-TORTIOUS INTERFERENCE WITH CONTRACTS)

94.     Defendants Maza and Perales restate the above responses with respect to the allegations in Paragraph 166 of the Complaint.

95.     Defendants Maza and Perales deny the allegations in Paragraph 167 of the Complaint.

96.     Defendants Maza and Perales lack sufficient information to admit or deny the allegations in Paragraphs 168 of the Complaint. Therefore, the allegations are denied.

97.     Defendants Maza and Perales deny the allegations in Paragraphs 169 - 171 of the Complaint.

98.     Defendants Maza and Perales deny that their conduct was the proximate cause of the damages alleged in Paragraph 171 of the Complaint.

99.     Defendants Maza and Perales lack sufficient information to admit or deny the allegations in Paragraph 172 of the Complaint. Therefore, the allegations are denied.

First Amended Answer and Counterclaim
S \ATTORNEY\Bauernfeind\MedPro\Holland et al v  Maza & Perales\Pleadings\Answers-Appearance\Amended answer to 2nd complaint 5-19-03 wpd

Page 13

100. Defendants Maza and Perales deny the allegations in Paragraph 173 of the Complaint. Defendants Maza and Perales deny that their conduct was the proximate cause of the damages alleged in Paragraph 173 of the Complaint.

## COUNT XI (STATE COURT - INTERFERENCE WITH PROSPECTIVE CONTRACT)

101. Defendants Maza and Perales restate the above responses with respect to the allegations in Paragraph 174 of the Complaint.

102. Defendants Maza and Perales deny the allegations in Paragraph 175 of the Complaint.

103. Defendants Maza and Perales lack sufficient information to admit or deny the allegations in Paragraph 176 of the Complaint. Therefore, the allegations are denied.

104. Defendants Maza and Perales deny the allegations in Paragraph 177 of the Complaint.

105. Defendants Maza and Perales admit the hospital hired a nurse anesthetist. The remaining allegations in Paragraph 178 of the Complaint are denied.

106. Plaintiffs Holland, Sangalang, Elston, and Trirogoff voluntarily requested courtesy staff privileges. Therefore, the allegations in Paragraph 179 of the Complaint are denied.

107. Defendants Maza and Perales deny the allegations in Paragraph 180 of the Complaint.

108. Defendants Maza and Perales deny that their conduct was the proximate cause of the damages alleged in Paragraph 181 of the Complaint. Defendants Maza and Perales deny the allegations in Paragraph 181 of the Complaint.

## COUNT XII (STATE CAUSE OF ACTION -
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

109.    Defendants Maza and Perales restate the above responses with respect to the allegations in Paragraph 182 of the Complaint.

110.    Defendants Maza and Perales deny the allegations in Paragraphs 183-185 of the Complaint.

111.    Defendants Maza and Perales deny that their conduct was the proximate cause of the damages alleged in Paragraph 186 of the Complaint. Defendants Maza and Perales deny the allegations in Paragraph 186 of the Complaint.

## COUNT XIII (WRONGFUL DISCHARGE)

112.    Defendants Maza and Perales restate the above responses with respect to the allegations in Paragraph 187 of the Complaint.

113.    Defendants Maza and Perales restate the above responses with respect to the allegations in Paragraph 188 of the Complaint.

114.    Defendants Maza and Perales lack sufficient information to admit or deny the allegations in Paragraphs 189-191 of the Complaint. Therefore, the allegations are denied.

115.    Defendants Maza and Perales admit the position of risk manager was eliminated. Defendants Maza and Perales lack sufficient information to admit or deny the remaining allegations in Paragraph 192 of the Complaint. Therefore, the allegations are denied.

116.    Defendants Maza and Perales lack sufficient information to admit or deny the allegations in Paragraphs 193-200 of the Complaint. Therefore, the allegations are denied.

First Amended Answer and Counterclaim
S:\ATTORNEY\Bauernfeind\MedPro\Holland et al v  Maza & Perales\Pleadings\Answers-Appearance\Amended answer to 2nd complaint 5-19-03 wpd

Page 15

## COUNT IX (DAMAGES)

117.  Defendants Maza and Perales restate the above responses with respect to the allegations in Paragraph 201 of the Complaint.

118.  Defendants Maza and Perales deny that their conduct was the proximate cause of the damages alleged in Paragraph 202 of the Complaint. Defendants Maza and Perales deny the allegations in Paragraph 202 of the Complaint.

119.  Defendants Maza and Perales deny that their conduct was the proximate cause of the damages alleged in Paragraph 203 of the Complaint. Defendants Maza and Perales deny the allegations in Paragraph 203 of the Complaint.

### PRAYER

120.  Defendants Maza and Perales deny that Plaintiffs are entitled to recover compensatory damages, monetary relief, punitive or exemplary damages, attorneys' fees, or costs.  Said Defendants deny that Plaintiffs are entitled to any of the relief requested in the prayer for relief.

## II. DEFENDANTS MAZA AND PERALES' AFFIRMATIVE DEFENSES

121.  Defendants Maza and Perales assert the affirmative defense of qualified immunity.

122.  Defendants Maza and Perales assert the affirmative defense of official immunity.

123.  Defendants Maza and Perales deny that they were the employer or supervisor of Plaintiff LaGrone and deny they took any action as an employer or supervisor of Plaintiff LaGrone.  Said Defendants affirmatively deny they are liable in the capacity in which they are sued by Plaintiff LaGrone.

124.  In the alternative, Defendants Maza and Perales affirmatively assert that Plaintiff LaGrone has failed to properly and timely exhaust administrative remedies with regard to some or all of her claims.

125.   In the alternative, Defendants Maza and Perales assert the affirmative defense that if an impermissible motivating factor were present with regard to the employment action taken concerning LaGrone (which is specifically denied) the same actions would have been taken with regard to Plaintiff LaGrone regardless of the impermissible motivating factor.

126.   Regarding the Plaintiffs' free speech claims, Defendants Maza and Perales assert the affirmative defense that they would have taken the same actions they did even in the absence of any protected conduct by the Plaintiffs.

127.   In the alternative, Defendants Maza and Perales assert that all of their actions concerning LaGrone were based on legitimate, non-discriminatory reasons.

128.   Defendants Maza and Perales assert the bar on punitive damages and the limitations on damages set forth in 42 U.S.C. §1981a.

129.   Defendants Maza and Perales assert the affirmative defenses of absolute and qualified privilege to Plaintiffs' defamation claims.

130.   Defendants Maza and Perales assert the affirmative defense of proportionate responsibility to Plaintiffs' claims.

131.   Defendants Maza and Perales contend that any alleged defamatory statements were, in fact, true, or in the alternative, substantially true.  Defendants affirmatively assert the defense set out in § 73.005 of the Tex. Civ. Prac. & Rem. Code.

132.   Defendants Maza and Perales affirmatively assert the defenses set out in §73.003 of the Tex. Civ. Prac. and Rem. Code.

133.   Defendants Maza and Perales specifically deny the June 5, 2001 letter identified or defamed any individual Plaintiff.  The letter outlined Defendants' disagreements on

First Amended Answer and Counterclaim
S.\ATTORNEY\Bauernfeind\MedPro\Holland et al v. Maza & Perales\Pleadings\Answers-Appearance\Amended answer to 2nd complaint 5-19-03.wpd

Page 17

public issues with committee of a public hospital and was written to the Board of Directors of the public hospital.

134.     In the alternative, Defendants Maza and Perales assert that Plaintiffs were public figures who sought publicity surrounding matters of controversy, had and used access to the media, and voluntarily engaged in activities that necessarily involved the risk of increased exposure and injury to reputation.

135.     Defendants Maza and Perales affirmatively assert that, as a result of the conduct of the Plaintiffs, both before and after any of the alleged actions or statements by Defendants Maza and Perales, Plaintiffs have failed to mitigate their damages.

136.     Defendants Maza and Perales affirmatively assert that the alleged defamatory statements relate to matters of public concern.

137.     Defendants Maza and Perales affirmatively assert that the alleged defamatory statements were expressions of opinion.

138.     Defendants Maza and Perales specifically deny the defendant physicians letter to the Board of Directors of the hospital identified or defamed any individual.

139.     Defendants Maza and Perales specifically deny they knew or authorized Defendant Timmons to address the Board of Directors with his comments on the physicians letter at the June, 2001 meeting of the Board of Directors of the hospital.

140.     Defendants Maza and Perales specifically deny the comments made by Defendant Timmons to the Board of Directors identified or defamed any individual.

141.     Defendants Maza and Perales affirmatively assert that Plaintiffs were public figures, or in the alternative, limited purpose public figures with respect to the alleged cause of action for defamation.

142. In the alternative, Defendants Maza and Perales affirmatively assert the limitations on liability as set out in Ch. 108 of the Tex. Civ. Prac. and Rem. Code with regard to Plaintiffs' state law claims.

143. Defendants Maza and Perales affirmatively assert that Plaintiffs are libel-proof.

144. Defendants Maza and Perales assert the defense of the statute of frauds.

145. Defendants Maza and Perales assert the defense of statute of limitations.

146. Defendants Maza and Perales affirmatively assert the defense of legal justification regarding Plaintiff's interference with contract claims.

147. Defendants Maza and Perales are immune from civil liability under Tex. Occ. Code §160.001 and Tex. Occ. Code §160.010(a)-(c).

148. Defendants Maza and Perales deny that Plaintiffs have causes of action as a matter of law against Defendants Maza and Perales for any act, statement, determination or recommendation made or act reported by Defendants Maza and Perales, without malice, in the course of any medical peer review under Tex. Occ. Code §160.010(b).

149. Defendants Maza and Perales deny either of them undertook any action with respect to peer review activities with malice.

150. Defendants Maza and Perales are immune from civil liability under the Health Care Quality Improvement Act, 42 U.S.C. §§11101, et seq., particularly 42 U.S.C. §§11111(a) and 11112.

151. Defendants Maza and Perales are immune from civil liability under Texas Health & Safety Code §161.001 et seq., particularly Tex. Health & Safety Code §161.033.

152. Defendants Maza and Perales are immune from damages under 15 U.S.C. §§34-36.

153. Defendants Maza and Perales affirmatively assert that Plaintiffs lack standing to pursue their antitrust claims.

First Amended Answer and Counterclaim
S:\ATTORNEY\Bauernfeind\MedPro\Holland et al v  Maza & Perales\Pleadings\Answers-Appearance\Amended answer to 2nd complaint 5-19-03.wpd

Page 19

154.   To the extent that Defendants Maza and Perales are sued in their official capacity, sovereign immunity is asserted.

155.   Plaintiffs are barred from recovery by their own negligence, or, alternatively, their recovery, if any, should be reduced in accordance with Tex. Civ. Prac. & Rem. Code §§ 33.001, et seq.

156.   Plaintiffs' damages, if any, were caused by superceding and intervening causes over which Defendants Maza and Perales had no control.

157.   As to Plaintiffs Holland, Sangalang, Elston, and Trirogoff, Defendants Maza and Perales affirmatively assert the defense of accord and satisfaction.   When said Plaintiffs resigned active staff privileges and agreed to have courtesy staff privileges, they discharged a pre-existing obligation in a manner otherwise than was originally agreed, and therefore, are barred from filing an action on the original obligation. Said Plaintiffs are barred from claiming rights, benefits, and/or damages as active staff physicians.

158.   As to Plaintiffs Holland, Sangalang, Elston, and Trirogoff, Defendants Maza and Perales affirmatively assert the defense of estoppel by contract or deed.   When said Plaintiffs resigned active staff privileges and agreed to have courtesy staff privileges they entered into a new contract.   They are, therefore, estopped by their deed and new contract from taking a position inconsistent with the contract, to the prejudice of another.   Said Plaintiffs cannot deny the force and effect of their new contract, including the limitations on their practice as courtesy staff physicians, and are barred from claiming rights, benefits, and/or damages, as active staff physicians.

First Amended Answer and Counterclaim
S:\ATTORNEY\Bauerntemd\MedPro\Holland et al v  Maza & Perales\Pleadings\Answers-Appearance\Amended answer to 2nd complaint 5-19-03 wpd

Page 20

159.    Defendants Maza and Perales affirmatively assert a failure and lack of consideration for any contract or obligation pleaded by Plaintiffs which would allegedly obligate these Defendants to refer any patient to the Plaintiff doctors for provision of health care services.

160.    As to Plaintiffs Holland, Sangalang, Elston, and Trirogoff, Defendants Maza and Perales affirmatively assert the defense of waiver.  When said Plaintiffs resigned active staff privileges they intentionally relinquished a known right and/or intentionally engaged in conduct inconsistent with claiming a known right.  Said Plaintiffs are, therefore, barred from claiming rights, benefits, and/or damages as active staff physicians.

161.    Defendants Maza and Perales assert that under the facts and circumstances of this case, an award of exemplary damages would violate substantive and procedural due process in violation of the Fifth and Fourteenth Amendments of the United States Constitution in the following respects:

a.      It is unconstitutional to allow a citizen to be punished upon the basis of a standard as vague and ill-defined as the common law concepts upon which exemplary damages can be awarded.

b.      It is unconstitutional to allow a citizen to be punished for any conduct when the citizen is unable to determine, prior to the hearing, what the standards used in assessing that punishment will be and where the jury has almost total and unbridled discretion in determining the amount of that punishment.  The standards for assessing exemplary damages in this case are unconstitutionally

First Amended Answer and Counterclaim
S.\ATTORNEY\Bauernfeind\MedPro\Holland et al v  Maza & Perales\Pleadings\Answers-Appearance\Amended answer to 2nd complaint 5-19-03 wpd

Page 21

vague, and allow the jury to assess exemplary damages based upon criteria wholly unrelated to Defendant's conduct and completely beyond the control of Defendant.

c.   Because the award of exemplary damages has quasi-criminal attributes, both as to rationale and effect, it is unconstitutional to award exemplary damages based solely upon a mere preponderance of the evidence which may be provided by the slightest circumstantial evidence, coupled with speculation and innuendo.

d.   It is unconstitutional for a state to allow a private citizen with a profit motive to seek punishment of another citizen without the full protections of the Texas and United States Constitutions, including privilege against self-incrimination, and the right not to be placed in double jeopardy.  Defendant alleges that the fiction that punishment in civil suits does not invoke the constitutional protections, whereas the same punishment in a criminal suit does, should be abandoned.  In either event, the state is forcing Defendant to forfeit valuable property interests, and it matters not to Defendant whether he loses his property to the state or to a private litigant.

162.   In the alternative, an award of exemplary damages, as sought by Plaintiffs under the facts and circumstances of this case, would violate the excessive fines, cruel and unusual punishment, and due process clauses of the Texas and United States Constitutions.

First Amended Answer and Counterclaim
S:\ATTORNEY\Bauernfeind\MedPro\Holland et al v  Maza & Perales\Pleadings\Answers-Appearance\Amended answer to 2nd complaint 5-19-03 wpd

Page 22

163. Plaintiffs' claim for exemplary damages, if any, is limited by the caps set forth in Tex. Civ. Prac. & Rem. Code §§ 41.001, et seq.

164. As to any claim Defendants Maza or Perales did any improper act in a peer review of any of the Plaintiff Physicians, said Defendants also assert they are not liable in damages for a peer review action, pursuant to 42 U.S.C. §11111 (a)(1), and that any such action was taken pursuant to 42 U.S.C. §11112 (a). Said Defendants assert the presumption at law that their peer review activities were conducted pursuant to the above cited statues.

165. Defendants Maza and Perales assert that the use of an ad hoc committee of outside reviewers for peer review of Dr. Sangalang, as a matter of law, removes the implication of bias, and from said act there is no logical inference or implication of malice.

166. Defendants Maza and Perales assert the presumption of the absence of malice as to medical peer review proceedings.

167. Defendants Maza and Perales, specifically deny there is a cause of action against them for alleged denial or termination of medical staff privileges, deny they violated any right of due process, and deny that there is any cause of action against them for alleged denial of due process in medical staff privileges actions.

168. Defendants Maza and Perales specifically deny that rights, if any, created by medical staff bylaws create contractual obligations for hospitals or for individual members of peer review committees.

First Amended Answer and Counterclaim
S \ATTORNEY\Bauernfeind\MedPro\Holland et al v Maza & Perales\Pleadings\Answers-Appearance\Amended answer to 2nd complaint 5-19-03 wpd

Page 23

169.    Defendants Maza and Perales deny that Plaintiff Physicians' claim of a right to continued medical staff membership is a constitutionally protected property right.

170.    Defendants Maza and Perales deny that they acted under color of state law.

171.    Defendants Maza and Perales deny that they deprived Plaintiffs of any property without due process.

172.    Defendants Maza and Perales deny that physicians who elect to resign staff privileges are entitled to due process.

173.    Defendants Maza and Perales plead failure to mitigate damages as to the resignation of privileges because the Plaintiff Physicians were given the opportunity to withdraw their resignations and/or to reinstate their status as active staff members and the Plaintiff Physicians failed to accept the offer and thereby proximately caused any damages claimed as to the resignation of privileges.

174.    In the alternative, Defendants Maza and Perales assert that, to the extent any due process should be afforded to a physician who resigns staff privileges, an offer to allow the resignation to be withdrawn and/or an offer to reinstate the privileges, as a matter of law, provides due process.

175.    Defendants Maza and Perales deny that liability for defamation may be imposed by inference.

176.    Defendants Maza and Perales specifically deny they had knowledge of any contract or implied contract between the Plaintiff Physicians and the hospital or any other person or entity. Said defendants further deny they acted intentionally to interfere

First Amended Answer and Counterclaim
S \ATTORNEY\Bauernfeind\MedPro\Holland et al v  Maza & Perales\Pleadings\Answers-Appearance\Amended answer to 2nd complaint 5-19-03 wpd

Page 24

with any existing contract of any Plaintiff physician with the hospital or with any other person or entity.

177.   Defendants Maza and Perales deny there is an antitrust injury to any plaintiff.

178.   Defendants Maza and Perales deny Plaintiffs have asserted the relevant service and geographic market for an antitrust claim against these Defendants.

179.   Defendants Maza and Perales assert that Plaintiffs have failed to exhaust administrative remedies on any age discrimination or race discrimination claim.

180.   Further, Defendants Maza and Perales assert that Plaintiffs, other than Plaintiff LaGrone, have wholly failed to timely file a complaint with the EEOC and timely filing is a procedural requirement to Federal Court enforcement of a discrimination claim.  Therefore, said Defendants also assert the statute of limitations as a defense to the discrimination claims.

181.   Defendants Maza and Perales specifically deny that they discriminated against any plaintiff because of race or age, and further specifically deny that race or age was a factor in any decision made by these Defendants.

182.   The Complaint includes a plea for declaratory judgment.  Said complaint fails to state a claim upon which declaratory judgment against Defendants Maza and Perales may be granted.  Both the predicate facts and the specifics of the remedy are absent from the Complaint.

183.   Defendants Maza and Perales specifically deny that they took any action which violated any plaintiff's right to equal protection or due process.

First Amended Answer and Counterclaim
S \ATTORNEY\Bauernfeind\MedPro\Holland et al v  Maza & Perales\Pleadings\Answers-Appearance\Amended answer to 2nd complaint 5-19-03 wpd

Page 25

184.    Defendants Maza and Perales specifically deny that there is a constitutionally protected liberty interest in a business or personal reputation.

185.    Defendants Maza and Perales specifically deny that they conspired with anyone to violate any constitutional right of any Plaintiff.

186.    Defendants Maza and Perales assert that there has been no modification, revocation, or denial of any medical staff privileges of any of the Plaintiff Physicians by the subject hospital.  Therefore, there is no predicate to invoke a right of procedural due process and no probable right to recovery for violation of procedural due process.

187.    Defendants Maza and Perales deny that any action by them which is identified in the Complaint is so extreme and outrageous as to permit recovery for intentional infliction of emotional distress.

188.    Defendants Maza and Perales specifically deny the alleged retaliation claimed in the Complaint is sufficient to state a substantive due process claim against them.

189.    Defendants Maza and Perales specifically deny the alleged defamation claimed in the Complaint is sufficient to state a substantive due process claim against them.

190.    Defendants Maza and Perales specifically deny the Plaintiffs were deprived of a constitutionally protected property interest by any action of these Defendants.

191.    Defendants Maza and Perales specifically deny the Plaintiffs were deprived of a constitutionally protected liberty interest by any action of these Defendants.

192.    Defendants Maza and Perales specifically deny they conspired to interfere with the civil rights of Plaintiffs.  Said Defendants further deny that they prevented any governmental officer from performing any duties, that they obstructed justice or

First Amended Answer and Counterclaim
S \ATTORNEY\Bauernfeind\MedPro\Holland et al v  Maza & Perales\Pleadings\Answers-Appearance\Amended answer to 2nd complaint 5-19-03 wpd

Page 26

intimidated a party, witness, or juror, in any court of the United States, or that they
deprived any Plaintiff of rights or privileges or equal protection of the law.

193.   Defendants Maza and Perales specifically deny they acted under color of law to cause
any Plaintiff to be deprived of any rights, privileges, or immunities secured by the
Constitution and laws.

### III. COUNTERCLAIM / REQUEST FOR ATTORNEY'S FEES

194.   Some or all of Plaintiffs' claims brought under 42 U.S.C. §1983 are frivolous,
unreasonable and/or groundless. Prior to the filing of this action, Plaintiffs were
advised that they had no valid claims to assert under §1983 and, despite that
knowledge, they preceded to file claims under Section 1983 solely for the purpose
of harassment and in bad faith. Defendants Maza and Perales request that they be
awarded reasonable attorney's fees for the defense of these claims, including costs
expended for expert witnesses, pursuant to 42 U.S.C. §1988(b) and (c). Defendants
Maza and Perales further request that they be awarded costs and attorney's fees
pursuant to 42 U.S.C. §11113 and Tex. Occ. Code §160.008 (c) and assert that
Plaintiffs' claims related to the peer review process are frivolous, unreasonable,
without foundation and/or in bad faith.

WHEREFORE, PREMISES CONSIDERED, Defendants Maza and Perales pray that
Plaintiffs take nothing by this suit and that these Defendants have judgment for their attorney's fees,
costs, prejudgment interest and post-judgment interest, and for such other and further relief to which
they may be justly entitled, either at law or in equity.

Respectfully submitted,

CRAIG, TERRILL & HALE, L.L.P.
P.O. Box 1979
Lubbock, Texas  79408-1979
(806) 744-3232 - Telephone
(806) 744-2211 - Facsimile

By:        Barbara A. Bauernfeind
           Barbara A. Bauernfeind
           SBN 08190500

Matthew H. Hand
SBN.  08819750
BROWN AND FORTUNATO, P.C.
905 South Fillmore, Suite 400 (79101)
P.O. Box 9418
Amarillo, TX 79105-9418
(806) 345-6300 Telephone
(806) 345-6363 Facsimile

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded

on this the 20th day of May, 2003, to the following:

**Via Certified Mail, Return Receipt Requested**

Damon Richards,
HARDING, BASS, FARGASON,
  BOOTH & ST. CLAIR, L.L.P.
P.O. Box 5950
Lubbock, Texas 79408
           *Attorney for the Plaintiff*

Bill Cornett
CORNET LAW FIRM
612 S. Van Buren
Amarillo, TX 79101
           *Attorney for the Plaintiff*

Thomas C. Riney
GIBSON, OCHSNER & ADKINS, L.L.P.
701 S. Taylor, Ste. 500
Amarillo, TX 79101-2400
        *Attorney for Defendants*

Craig Carter
DAVIS & DAVIS, P.C.
9442 Capital Plaza I, Ste. 950
Austin, TX 78759
        *Attorney for Defendants*

Matthew H. Hand
BROWN AND FORTUNATO, P.C.
905 South Fillmore, Suite 400 (79101)
P.O. Box 9418
Amarillo, TX 79105-9418
        *Attorneys for Defendants*

Barbara A. Bauernfeind

First Amended Answer and Counterclaim
S:\ATTORNEY\Bauernfeind\MedPro\Holland et al v. Maza & Perales\Pleadings\Answers-Appearance\Amended answer to 2nd complaint 5-19-03 wpd

Page 29